## FISK *v.* FIRE ASSOCIATION OF PHILADELPHIA.

1. INSURANCE—ADJUSTER—DENIAL OF LIABILITY—PROOFS OF LOSS —WAIVER.

> An insurance adjuster, when acting in the line of his employment, has authority to waive presentation of proofs of loss by denying liability of the company; and his authority may be implied where the company informed plaintiff that the adjuster was looking after its interest.

2. SAME—DENIAL OF LIABILITY—EVIDENCE—WEIGHT OF EVIDENCE.

> Where plaintiff testified that during at least three interviews the adjuster declared that the company was not liable and would not pay, which statements the adjuster denied, the question of denial of liability and refusal to make payment was an issue for the jury, and their finding in favor of plaintiff cannot be said to be against the great weight of the evidence.

Error to Sanilac; Beach, J. Submitted January 10, 1916. (Docket No. 81.) Decided July 21, 1916.

Assumpsit by Charles Fisk against the Fire Association of Philadelphia, a foreign corporation, on a fire insurance policy. Judgment for plaintiff. Defendant brings error. Affirmed.

*Phillips & Jenks,* for appellant.

*Fred A. Farr* (*C. F. Gates,* of counsel), for appellee.

PERSON, J. This action is upon a policy of fire insurance and in the circuit court plaintiff recovered a judgment for $1,000 and interest. The errors alleged by defendant on appeal are not numerous, and, of those argued, such as relate to the language used by plaintiff's counsel in the examination of witnesses, and before the jury, cannot be considered, because not covered by proper assignments.

It is conceded that the policy was in force when the fire occurred; the destruction of the property insured, or of a large portion of it, is not denied, and there is no question raised as to the value of the property. The sole defense, practically, is that proofs of loss were not furnished as required by the terms of the policy. And while a copy is not given in the record, it must be assumed that the policy in question is a Michigan standard policy, with the usual terms. Plaintiff concedes that full and sufficient proofs of loss were not furnished, and claims that such proofs were waived by the company through its adjuster, who, he testifies, absolutely denied the company's liability under the policy, and declared that it would not pay anything upon the loss. The adjuster, who was sworn as a witness on behalf of the company, unqualifiedly denied making such statements, or any of them, and the question of fact, thus raised, was submitted to the jury, who held with the plaintiff.

The defendant does not argue that a disclaimer of liability and a refusal to make payment by the company would not relieve the plaintiff from the necessity of making proofs of loss. This court has held that such an attitude on the part of the company would make proofs of loss unnecessary. *Popa* v. *Insurance Co., ante,* 237 (158 N. W. 945). But defendant does insist:

*First.* That the jury, in finding such disclaimer and refusal to have been made by the adjuster, acted against the great weight of the evidence.

*Second.* That an adjuster for an insurance company has no authority, by virtue of his employment, to bind the company through such disclaimer and refusal.

Considering the latter proposition first, it has been determined in this State that an adjuster, when acting in the line of his employment, has such authority. *Popa* v. *Insurance Co., supra.* This might not have been quite clear when the appeal was taken, although it was practically so held in *Morgan* v. *Insurance Co.,* 130 Mich. 427 (90 N. W. 40). In the instant case, however, the authority of the adjuster was even more apparent. In reply to a letter from plaintiff's attorney asking that the loss be paid at once, the company replied that the adjuster was looking after its interest in the matter, and that the letter had been referred to him for an answer. The fair implication from this is that the adjuster had full charge of everything relating to the loss. It is true that the letter was written after the adjuster had denied the company's liability, but there is no indication that his authority was any less at the time of the denial than it was when the inquiry by plaintiff's attorney was referred to him.

As to the first proposition, it is not shown by the record that the jury acted against the weight of the evidence in finding that the adjuster did deny the

company's liability, and did refuse payment of the loss. The fire by which the loss occurred took place at Croswell on the 11th day of May, 1914. On the 19th of that month, plaintiff had an interview with the adjuster, who had been sent to Croswell by the State agent of defendant, and several other interviews took place between them, the last being on the 11th day of June. Plaintiff testified that at the first interview, after he had furnished the adjuster with certain papers asked for, the latter accused him of building the fire by which the goods were destroyed, saying "it was a hell of a funny fire and that he would never pay a dollar of the insurance." The plaintiff also testified that during at least three of the interviews the adjuster declared that the company was not liable and would not pay. The adjuster denied these statements, and it was his word against the plaintiff's. It was also shown that the adjuster did cause the origin of the fire to be investigated by a deputy fire marshal, and that the investigation resulted in the plaintiff's arrest and trial for arson, and that upon trial he was acquitted. There was proof, also, that subsequent to the last interview between plaintiff and the adjuster, which took place on June 11th, several letters passed between plaintiff's attorney and the company and the adjuster, in which correspondence the attorney was demanding payment of the loss, while the adjuster was insisting that nothing further could be done until the fire marshal had completed his investigations, when the matter would be taken up again. It is urged by counsel for defendant that this correspondence is inconsistent with an absolute denial of liability by the defendant, and that it shows a willingness on the part of the adjuster to make payment if the investigation should turn out favorable to the plaintiff. The correspondence and all of the facts were, however, before the jury, and were undoubtedly thoroughly considered in determining the

attitude of the company as to payment. It was not impossible that plaintiff's attorney should still attempt to procure an adjustment of the loss, even after a denial of liability; and the answers of the adjuster were carefully guarded, and did not purport to retract any refusal he may have made as to payment. The question as to the adjuster's denial of liability and refusal to make payment was fairly before the jury, and there was sufficient testimony upon either side of the proposition to make their determination conclusive. This was the opinion of the learned circuit judge who heard the case, and his opinion was undoubtedly correct.

The judgment is affirmed.

Stone, C. J., and Kuhn, Ostrander, Bird, Moore, Steere, and Brooke, JJ., concurred.