FISK *v.* LIVERPOOL & LONDON & GLOBE INSURANCE CO.

1. INSURANCE—FIRE INSURANCE—NOTICE OF LOSS—WAIVER.
   The denial of liability on part of an insurance company by its adjusters constitutes a waiver of the filing of proofs of loss.

2. SAME—POWERS OF AGENT.
   Powers possessed by agents of insurance companies, like those of agents of any other corporations, are not governed by any individual principle, but are to be interpreted in accordance with the general law of agency.

3. PRINCIPAL AND AGENT—POWERS OF AGENT—EVIDENCE.
   Agency cannot be proved by the statements, declarations or admissions of the agent made out of court, but must be established by tracing its source to some word or act of the alleged principal.

4. SAME—ADMISSIONS—PROOF OF AGENCY.
   The agency of one alleged agent cannot be shown by the admissions, declarations, and recognition of another agent of the same principal unless the latter be one authorized to make those admissions.

5. INSURANCE—CERTIFICATE OF AUTHORITY—STATUTES.
   Act No. 84, Pub. Acts 1901, § 2, as amended by Act No. 215, Pub. Acts 1913 (2 Comp. Laws 1915, § 9151), relating to the granting of certificates of authority to insurance agents by the State, does not operate to increase an agent's authority and to make the principal liable for his representations as to authority.

6. SAME—EVIDENCE—SUFFICIENCY.
   Evidence *held,* insufficient to show that a person representing himself as an adjuster of defendant insurance company was in fact an adjuster of such company.

Error to Sanilac; Beach, J.  Submitted June 22, 1917. (Docket No. 123.) Decided September 27, 1917.

Assumpsit by Charles Fisk against the Liverpool & London & Globe Insurance Company, Limited, on a

policy of insurance. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Phillips & Jenks,* for appellant.

*Fred A. Farr* (*Charles F. Gates,* of counsel), for appellee.

This is an action on a Michigan standard form insurance policy upon which the premiums had been paid.

Within the period covered by the policy the property insured was destroyed to an amount equal to or in excess of the amount of the policy. The policy provides that, if a fire occur, the insured shall give immediate notice of any loss in writing to the company. It further provides for a proof of loss which must be rendered to the company. It further provides that no officer, agent, or other representative shall have power to waive any provision or condition of the policy, except such as by the terms of the policy may be the subject of agreement indorsed thereon. It is conceded that no proofs of loss were filed by the plaintiff before the commencement of suit.

It is the claim of the plaintiff that the defendant waived the filing of the proofs of loss and he bases such claim upon his own testimony, which is as follows:

"I am the plaintiff in the case and the Charles Fisk named in the policy issued by the defendant. I ordered it from Mrs. J. H. Murdaugh, who delivered it to me, and whom I paid. After the fire I had a talk with Mrs. Murdaugh about the adjustment of the loss.

"*Q.* Did she tell you that any person was the adjuster on this loss? (Objected to as immaterial and improper, that conversation or statements by local agents do not in any manner confer any authority upon anybody, and that there must be proof that the company sent the adjuster.)

"*The Court:* You may take the testimony simply in

relation to the manner in which Mr. Fisk got into relation with the adjuster. (Exception by defendant.)

"*A.* Mrs. Murdaugh told me who the adjuster was.

"*Mr. Jenks:* We object to all testimony of conversations between Mrs. Murdaugh and this witness in reference to the adjuster.

"*A.* She said his name was William Phillips, of Port Huron. After that I saw Mr. Phillips.

"*Q.* What did Mr. Phillips say to you?

"*Mr. Jenks:* It is understood that all this testimony is subject to my objection?

"*The Court:* Yes. (Exception by defendant.)

"Phillips said he came to adjust the loss of both companies, the Liverpool & London & Globe and the fire association. I took him into the room, and he almost immediately denied the right to pay, and said it was a hell of a funny fire and the company would never pay a dollar of the insurance. He asked if I had a bill of sale, and I handed him a bill of sale. Without even seeing my handwriting, he asked if I had written that myself. He took the invoice and inventory and had copies made. The 19th of May he returned again with the deputy fire marshal, Samuel Robinson, and said the company wouldn't pay a dollar, that it was a hell of a funny fire. Both of these times he admitted of being the adjuster. I also saw him in Port Huron again. I went to Port Huron, and he told me again that the company wouldn't pay. He told me, 'You don't need to loaf around there any more for it.' The company never sent any other adjuster. All the negotiations for settling this loss were through the adjuster Phillips. * * * After the fire I reported it to Mrs. Murdaugh before Mr. Phillips was there, the same one from whom I got the policy and who introduced Mr. Phillips to me as the adjuster. I afterwards visited the State office of the Liverpool & London & Globe Insurance Company, the defendant company, in Detroit, and had a conversation with the person I found in charge. This conversation was since the trial of the other case.

"*Mr. Jenks:* We object to any conversation with anybody in the office.

"I do not remember the date. I had a paper the girl gave me that Will Phillips was the adjuster. I was struck by an auto, and the paper was lost."

Another witness testified to the fact that the local agent, Mrs. Murdaugh, told him that the adjuster was Mr. William Phillips. As bearing upon the authority of a local agent, plaintiff's witness Charles F. Gates testified over objection as follows:

"That he was attorney at law, and also engaged in fire insurance, and had been for upwards of 30 years. I am familiar with the duties of local agents, and have acted as adjuster for stock insurance companies for several years, and have adjusted many losses for many companies. I am familiar with the duties of a local agent of an insurance company. * * * This is what is known as a recording agency; it is the agent's duty to represent the company in his immediate vicinity. He issues policies in companies where applications are necessary, receives the application, and receives the money and remits to the company, and in case of loss notifies the company of the loss, watches the property to see that the company's interests are protected, and when the adjuster comes on the local agent takes him to the assured and introduces him; then the adjuster takes it in his hands. Up to that time it is in the hands of the local agent, not to adjust, but to introduce the adjuster to take the responsibility from the local agent to the adjuster."

At the close of the testimony a motion was made on behalf of the defendant for a directed verdict upon the ground:

"That there is no competent evidence in the case showing that the requirements of filing a proof of loss, which concededly was not done, has ever been waived."

This motion was denied, and a verdict was directed in favor of the plaintiff for the face of the policy, with interest.

BROOKE, J. (*after stating the facts*). The sole question raised upon this record is whether the acts of Phillips, his statements and admissions, and the as-

sertion of Mrs. Murdaugh, the local agent, taken together, were sufficient to support the inference that Phillips was in fact the adjuster for the defendant company. If that fact was sufficiently established, his denial of liability on the part of the company constituted a waiver of the filing of proofs of loss. *Popa* v. *Insurance Co.*, 192 Mich. 237 (158 N. W. 945); *Fisk* v. *Fire Ass'n*, 192 Mich. 243 (158 N. W. 947).

Section 2 of Act No. 84, Pub. Acts 1901, as amended by Act No. 215, Pub. Acts 1913 (2 Comp. Laws 1915, § 9151), is as follows:

"Any insurance company, corporation or association authorized to do business within this State, appointing or employing any agent or person to transact its business within this State, shall at once notify the commissioner of insurance of this State of such appointment or employment, giving the name and business address of such agent or person, and setting forth the kind of business that he is authorized to transact; whereupon the commissioner of insurance shall transmit by mail or deliver personally to such agent or person a certificate of authority, which shall specifically set forth the name of the person so appointed or employed, the name of the company, corporation or association for which he is to act in transacting insurance business, and the particular kind of insurance said agent is authorized to solicit. Said agent's certificate of authority shall continue in force until the expiration of the annual certificate of authority of said insurance company, corporation or association unless the same is revoked for cause: *Provided always,* That none of the provisions of this act shall be construed as applying to fraternal beneficiary societies organized or authorized to do business in this State."

In *Weidert* v. *Insurance Co.*, 19 Or. 261 (24 Pac. 242, 20 Am. St. Rep. 809), it is said:

" 'The declarations of an agent are not evidence of his authority, but the scope and extent of his powers must be determined by his actual authority, or by his

acts, and the recognition thereof by his principal.'
2 Wood on Fire Ins. § 421."

See, also, 1 Clement on Fire Insurance, p. 49, rule
7, where it is said:

"The authority of an adjuster cannot be established
by his own declarations, but may be by his own tes-
timony or inferred from his acts, and recognition by
the company, or proved by declarations and admis-
sions of its officers"—citing cases, note 3.

It is elementary that the powers possessed by agents
of insurance companies, like those of agents of any
other corporations, are not governed by any individual
principle, but are to be interpreted in accordance with
the general law of agency.  A different view may not
be applied to a contract of insurance than is applied
to other contracts.  *Quinlan* v. *Insurance Co.*, 133 N.
Y. 356 (31 N. E. 31, 28 Am. St. Rep. 645).

Generally it may be said that agency cannot be
proved by the statements, declarations, or admissions
of the agent made out of court, but must be established
by tracing its source to some word or act of the alleged
principal (1 Mechem on Agency [2d Ed.], § 285);
"nor can the agency of one alleged agent be shown by
the admissions, declarations and recognition of an-
other agent of the same principal unless the latter
be one authorized to make those admissions" (*Id.* §
285, note 81).

In *Barry & Finan Lumber Co.* v. *Insurance Co.*, 136
Mich. 42 (98 N. W. 761), this court said:

"It has been repeatedly held that an agent's decla-
rations are not proof of his authority, and that his
acts have no significance, unless recognized by the
alleged principal in a way to be equivalent to a hold-
ing out that the relation of principal and agent exists
and a holding out of the requisite authority."

With reference to the statute quoted *supra*, this
court there said:

"Nor does the statute (2 Comp. Laws, § 7246) operate to increase an agent's authority, and make the principal liable for his representations as to authority."

The record in the case at bar is barren of evidence tending to show that Mrs. Murdaugh, the local agent, was authorized by her principal to introduce or identify Phillips as the adjuster. It is equally barren of evidence tending to show that any act of Phillips was recognized by the defendant or any of its officers. We are constrained to hold that there was no competent evidence in the case showing that Phillips was in fact the adjuster for the defendant company. It follows, therefore, that his denial of liability did not operate as a waiver of the condition of the policy requiring the filing of proofs of loss.

The judgment is reversed, with costs, and a new trial ordered.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.