GAMBINO *v.* NORTHERN INSURANCE CO. OF NEW YORK.

1. INSURANCE—PROOF OF LOSS—WAIVER—ESTOPPEL.

In an action on a fire insurance policy, insured's claim that his failure to furnish proof of loss was excused by a conversation between his attorney and a local agent of the insurer, and that the insurer is therefore barred from defending on said ground, is without merit, where the conversation relied upon occurred more than five months after expiration of the time fixed in the policy for filing such proof.[1]

2. SAME — PRINCIPAL AND AGENT — POWER TO WAIVE INSURER'S RIGHTS UNDER POLICY.

One employed by a local insurance agent to solicit insur-

[1]Fire Insurance, 26 C. J. § 510 (Anno).

ance has no power or authority, by reason of such employment, to waive substantial rights of the insurance company guaranteed it by the terms of the policy.[2]

3. SAME—CANCELLATION OF POLICY—DENIAL OF LIABILITY—DUTY OF INSURED TO FURNISH PROOF OF LOSS.

Insured's claim that he was excused from furnishing proof of loss because the insurance company, by canceling the policy, denied liability, is without merit, since, if the cancellation was void and the policy in force, the whole policy was in force, and its provisions were binding upon both parties.[3]

4. SAME—PROVISION REQUIRING NOTICE AND PROOF OF LOSS VALID.

Provisions in an insurance policy requiring notice and proof of loss serve a useful purpose in that they give time and opportunity for investigation, negotiation, and settlement, and are sustained in the law.[4]

BIRD, C. J., and McDONALD, J., dissenting.

Error to Wayne; Driscoll (George O.), J., presiding. Submitted June 10, 1925. (Docket No. 76.) Decided October 27, 1925. Rehearing granted January 28, 1926. Former opinion affirmed June 7, 1926.

Assumpsit by Vito Gambino and another against the Northern Insurance Company of New York on a policy of insurance. Judgment for plaintiffs on a directed verdict. Defendant brings error. Reversed, and no new trial ordered.

*Frederick J. Ward,* for appellant.

*Daskam & Fox,* for appellees.

(ON REHEARING.)

FELLOWS, J. We granted a rehearing in this case and it has again been considered by the court (former opinion 232 Mich. 561). The case was disposed of by the determination of a controlling question, and it

---

[2]Fire Insurance, 26 C. J. § 507; [3]Id., 26 C. J. § 523; [4]Id., 26 C. J. § 469.

became unnecessary to consider all questions discussed in the briefs of counsel.    In the vast majority of cases which come to this court one or two, at most but a few, questions are decisive of the case, and the court does not and should not lumber up the reports of this court with the discussion of every proposition the ingenuity of counsel may bring to our attention. They are, of course, considered by the court, but, unless of importance to the decision of the case, are not and should not be written upon at length.    I am not persuaded, after a re-examination of this case, we should reach a conclusion different than the one reached by the court when we first considered it.    We there followed a case written by Mr. Justice HOOKER. over 20 years before (*Barry & Finan Lumber Co.* v. *Insurance Co.,* 136 Mich. 42), which had been followed by this court in *Fisk* v. *Insurance Co.,* 198 Mich. 270, and, so far as I am able to see, not since questioned by this court.    I shall not again go over the ground covered by the majority opinion, as I am content with what was there said, but will consider such of the contentions noted in the brief of appellees on rehearing as require consideration.

We passed without comment the fact that the conversation between plaintiffs' attorney and Mr. Fischer, local agent of defendant, did not occur until several months after the fire.    Plaintiffs' counsel makes so much of this conversation in his brief on rehearing that we should call attention to the fact that the fire occurred September 19, 1921, and the conversation occurred May 8, 1922, over five months and a half after the time fixed by the policy for filing proof of loss had expired.    How plaintiffs can claim under this state of facts that they did not furnish proof of loss by reason of this conversation and thereby estop defendant from making this defense is not plain to see.    The only talk before the time had expired was

with an employee of Fischer named Garessi, so that plaintiffs' case is not as strong as was that of the *Lumber Company* in the case written by Justice HOOKER. If one employed by a local insurance agent to solicit insurance carries with him, by virtue of such employment, power and authority to waive substantial rights of the company guaranteed it by the terms of the policy, then written contracts of insurance afford little or no protection to the insurer and the general rules of agency are not applicable in insurance cases.

But it is said that the fact of cancellation is a denial of liability. To so hold would mean that there was a denial of liability before there was a claim of liability. But the position plaintiffs take, and which they of necessity must take, precludes such a claim. Plaintiffs insist, and must of necessity insist, that the cancellation was invalid, was a nullity. They insist, and must of necessity insist, that the cancellation was void and the policy therefore in force. If the cancellation was void and the policy in force, all of it was in force, those provisions favorable to defendant as well as those favorable to plaintiffs. In the recent case of *Fort Dearborn Coal Co.* v. *Cement Co.*, 230 Mich. 360, defendant sought cancellation of the contract but plaintiff refused and insisted upon its rights under the contract. It was there said:

"In this request to cancel the plaintiff did not acquiesce but positively refused and insisted upon its rights under the contract. It expressly declined to put an end to the contract, and expressly insisted that it be kept alive; it could be mutually put at an end only by the acquiescence of both parties. Plaintiff declined to give its acquiescence. The contract was kept alive by it for the supposed benefit which might accrue to it. If kept alive for the benefit of plaintiff, it was likewise kept alive for the benefit of defendant. * * * It was up to plaintiff to accede to the request and put an end to the contract or to decline and leave

it in force.   It chose the latter course.   By so choosing it preserved its rights under the contract, and likewise its liabilities thereunder."

Provisions requiring notice and proofs of loss serve a useful purpose.   They give time and opportunity for investigation, negotiation, and settlement, and are sustained in the law.   In *Oakland Motor Co.* v. *Fidelity Co.*, 190 Mich. 74, where a policy of indemnity insurance was involved, it was said by Mr. Justice STEERE, speaking for the court:

"Conditions for notice of the event insured against, similar to those under consideration, are common in policies for most kinds of insurance.   They are nothing new or misleading.   Such stipulations, when contained in the policy, are recognized as valid, and must be complied with before recovery can be had, if within the power of the insured.   Plaintiff's right to indemnity flows from this policy, constituting the written agreement between the parties which they voluntarily entered into and of which these conditions form a part.   Failure by plaintiff to observe the condition precedent of this executory contract was failure to perform the contract on its part.   It first breached the contract, and by such nonperformance it released the other contracting party.   In order to maintain this action, it was bound to give notice of both the accident and claim for damages as and when by the terms of the contract it agreed to do so."

I think we correctly disposed of the case upon the first hearing and that we should again reverse the judgment without a new trial.

SHARPE, SNOW, STEERE, WIEST, and CLARK, JJ., concurred with FELLOWS, J.

BIRD, C. J. (*dissenting*).   The briefs filed on rehearing have in no way changed or modified my views as expressed in the dissenting opinion.   The judgment of the trial court should be affirmed.

MCDONALD, J., concurred with BIRD, C. J.