TADEUS VASARIS *vs.* NATIONAL LIBERTY INSURANCE
COMPANY OF AMERICA.

Suffolk.    October 4, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Insurance*, Fire, Waiver of provision of policy. *Agency*, Scope of authority.
*Waiver*.

At the trial of an action of contract against an insurance company upon
a policy of fire insurance, where it appeared that the plaintiff had
failed to comply with provisions of the policy requiring notice and
sworn proof of claim, an issue was, whether such provisions had been
waived by the defendant, and the plaintiff relied on evidence showing
certain conduct of an employee of a general agent of the defendant
and on evidence that such employee previously had acted for his
employer in adjusting between fifteen and twenty-five claims; · that
his employer had instructions given it by the defendant "to use
reputable men to investigate and adjust losses and submit them ₊to
the company for payment . . . either for payment or not to be
paid; that it "was the company that had the say"; that he had
been instructed by his employer to investigate three claims for losses
relating to the fire in which the plaintiff's automobile was burned;
that he made such investigation and made adjustments of two of
the claims; that he received instructions from the defendant in regard
to the plaintiff's loss but did not get any instructions as to any of
the others; and that he adjusted the two claims as the result of his
investigation pursuant to an assignment to him by his employer.
A verdict for the defendant was ordered. *Held*, following *Vasaris v.
National Liberty Ins. Co. of America*, 272 Mass. 62, that
    (1) The evidence would not warrant a finding that such employee
of the defendant's agent had authority to waive the provisions of
the policy;
    (2) The verdict properly was ordered.

CONTRACT upon a policy of fire insurance, described in
the opinion. Writ dated October 25, 1928.

In the Superior Court, the action first was tried before
*Morton*, J. Exceptions by the defendant following a ver-
dict for the plaintiff were sustained by this court in a
decision reported in 272 Mass. 62. There was a second
trial before *Dillon*, J. Material evidence is stated in the

opinion.   The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. J. Kalinauskas,* for the plaintiff.

*C. C. Cabot,* (*L. Hunt* with him,) for the defendant.

CROSBY, J.   This is an action of contract brought upon an insurance policy to recover for the loss of an automobile. When the case was here before (272 Mass. 62), it was held that there was error in refusing to direct a verdict for the defendant.   At the second trial in the Superior Court the judge directed a verdict for the defendant, subject to the plaintiff's exception.   Other exceptions were taken by the plaintiff, principally to the exclusion of evidence.   The facts are fully stated in the opinion in the first case and need not be here repeated.   The exceptions of the plaintiff at the last trial, apart from the exception to the order directing a verdict for the defendant, relate to the question whether or not there was evidence of authority of Downey, Hendrick or Goode to waive any provisions of the policy which would be binding on the defendant.

The policy provided that "In the event of loss or damage the assured shall give forthwith notice thereof in writing to this Company; and within sixty (60) days after such loss, unless such time is extended in writing by this Company, shall render a statement to this Company signed and sworn to by the assured, stating the place, time and cause of the loss or damage" together with other information therein set forth.   The policy also contained the following recital: "This Company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal, or to any examination herein provided for; and the loss shall in no event become payable until sixty (60) days after the notice, ascertainment, estimate and verified proof . . . [of] loss herein required have been received by this Company. . . ."   The policy also provided on the back thereof as follows: "4. It is a condition that the insurance shall be null and void . . . (e) Unless written notice of loss is given immediately after date of loss and unless sworn

proof of loss is filed within sixty days from the date loss occurred."

On September 24, 1927, shortly after midnight the plaintiff's automobile was almost totally destroyed by fire. "No written notice of loss was given to the defendant by the plaintiff, nor did the plaintiff render a sworn proof of loss as provided in the policy." The Hendrick Insurance Agency, a partnership, was an agent of the defendant under a written appointment for the purpose of receiving proposals and making insurance in its behalf, of fixing the rates of premium, receiving moneys, countersigning and issuing, renewing and consenting to the transfer of policies signed by the president and attested by the secretary of the company subject to its rules and regulations and instructions given by its officers. The appointment of the Hendrick Insurance Agency as agent of the defendant was solicited by the Joseph E. Downey Company, an agent of the defendant in Boston; the Downey company also appointed the Hendrick agency to do business for it in Boston in connection with the writing of insurance in the defendant company, and authorized the Hendrick agency to insert in certificates issued under master policies issued by the defendant the sentence "In case of loss notify Hendrick Insurance Agency. . . ." The Downey company began writing insurance for the defendant in 1925 and has continued to do so, issuing policies, making collections, receiving proofs of loss, and countersigning its policies. It cancelled policies for the defendant, and assigned losses but did not adjust them.

One Joseph M. Goode, junior, has been connected with the office of the Downey company since 1927; he has been partially in the employ of that company and had desk space in its office; he solicited business for it and gave advice on damages. The company assigned losses, that is, it gave them to an adjuster. This witness testified in substance that he was an automobile fire adjuster and at the time of the loss in question was licensed by the Commonwealth as a "constituted agent" of the defendant "for the trans-

action, within his apparent authority as its acknowledged agent, of such business as" the defendant "is authorized to do in this Commonwealth." He further testified that he was instructed by the Downey company to investigate three losses which occurred at the fire in which the plaintiff's automobile was burned, that he made such investigation and made adjustments in two of them, namely on the automobile of the plaintiff's attorney and one of the others. He testified that he received instructions from the defendant in regard to the plaintiff's loss but did not get any instructions as to any of the others; that he adjusted these two losses as the result of his investigation pursuant to the assignment to him by the Downey company. The witness further testified that before the occurrence of this fire he had acted for the Downey company as an independent adjuster, and had adjusted losses for the company in between fifteen and twenty-five cases. Several exceptions were taken by the plaintiff to the exclusion of questions asked by his counsel of the witnesses called by him. They need not be considered in detail. They were rightly excluded either for the reason that they were immaterial, or on the ground that they had no tendency to prove that the defendant waived the provision of the policy which required the plaintiff to furnish to the defendant in writing a notice of the loss and a sworn proof of loss. At the first trial there was evidence that Goode acted as an adjuster for the plaintiff's attorney and another owner for the losses of their automobiles. This court held that the evidence was insufficient to show that Goode had authority to waive the conditions of the policy issued to the plaintiff. There was additional evidence offered at the second trial, testified to by Downey, that his company had instructions given it by the defendant "to use reputable men to investigate and adjust losses and submit them to the company for payment . . . either for payment or not to be paid. It was the company that had the say." The only further evidence produced at the second trial was that, before the fire which destroyed the plaintiff's automobile, Goode had adjusted between fifteen and twenty-five losses for the

defendant company.   It is obvious that this evidence would not warrant a finding that Goode had authority to waive the conditions of the policy.   See 272 Mass. 62, 66, and cases there cited.   There is no evidence that Goode as an independent adjuster had any authority from the defendant to adjust the loss, or to waive formal proof of the claim. The case is distinguishable from *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, and other cases cited by the plaintiff. The judge rightly ruled that there was "no evidence of the waiver of any provision of the policy in connection with written notice or proof of loss, and those not having been complied with" the defendant was entitled to a directed verdict.

As we find no error in the exclusion of evidence or in the granting of the defendant's motion for a directed verdict the entry must be

*Exceptions overruled.*