CHRISTO MORAN *vs.* COMMERCE INSURANCE COMPANY.

MAY 25, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

Moss, J.   This is an action of assumpsit, based on a fire insurance policy issued to the plaintiff by the defendant corporation, to recover for damage alleged to have been caused by fire to his automobile.   The case was tried before a justice of the superior court and a jury.

. When the plaintiff rested after presenting evidence, the defendant also rested and made a motion that the trial justice direct a verdict in its favor.   After arguments this motion was granted and a verdict was directed and returned

accordingly, the ground for the direction being that no written proof of loss was filed by the plaintiff with the defendant within sixty days after the loss, as required by a provision in the policy. The case is now before us on a bill of exceptions by the plaintiff, in which the only exception stated is one taken by him to the granting by the trial justice of this motion of the defendant.

There was no evidence that a written proof of loss was filed by the plaintiff with the defendant, as thus required. But he contended that this requirement was waived by the defendant, because a man by the name of Ortner, whom the plaintiff claimed to have shown to be a duly authorized agent of the defendant, had, within sixty days after the loss occurred, notified the plaintiff that the defendant would not pay the plaintiff's claim for such loss. The trial justice held, however, that there was no evidence from which the jury could find that Ortner had authority from the defendant to give the plaintiff such notice; and the direction of a verdict for the defendant must stand or fall according to whether or not that holding was correct.

It is contended by the plaintiff and admitted by the defendant that, according to the rule stated and applied in *Massell* v. *Protective Fire Ins. Co.*, 19 R. I. 565, at 568, if the defendant, before the expiration of the time limited, by the policy, for the filing by the plaintiff of a written proof of loss, notified the plaintiff that it refused to pay the plaintiff's claim, this was a waiver of any defense based on a failure by the plaintiff to file such proof within that time.

The decisive issue in the instant case is then whether the jury, on a reasonable view of the evidence, could have found that Ortner had authority from the defendant to notify the plaintiff that the defendant refused to pay the plaintiff's claim.

The evidence on this vital issue consisted solely of testimony by the plaintiff himself and certain exhibits. We have examined these exhibits and are of the opinion that from them the jury could reasonably have found that at the time

when the policy on which this action is based was issued and down to and including the time when Ortner notified him that the defendant would not pay his claim, Lodie Brien was the agent of the defendant and was duly authorized to act as such for the transaction of its authorized business of insurance in the state of Rhode Island, which included fire insurance, with his office in the city of Woonsocket.

The body of the policy ends thus: "In Witness Whereof, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by a duly authorized Agent of the Company." This is followed by what purport to be the signatures of the chairman of the board, the president and the secretary of the company. Then follows: "Countersigned at Woonsocket, R. I. this 26th day of November 1938" and the signature of Lodie Brien as "Agent". There was no further evidence as to what was the extent or the limits of his powers to act as such agent and so bind the defendant.

The plaintiff testified to the following as facts: On the morning of January 27, 1939, the next day after the occurrence of the fire that caused the damage for which he seeks to recover, he went to Brien's office and talked there with the latter about the matter and asked what he, the plaintiff, should do. Brien said: "Well, I will get in touch with the agency in Providence, the head office", and added: "Come in tomorrow and I will give you the answer."

Then, when asked whether he talked with anyone else of the insurance company with regard to the matter, the plaintiff answered: "The only one I have talked to is Mr. Ortner, the insurance man from Providence, the investigator", who, he said, came to see him the next night and requested a statement from him. When he was asked by his attorney whether he talked with "somebody outside of Lodie Brien regarding this loss", his answer was: "Outside of Lodie Brien, just the adjuster from Providence. That is all I have talked to, as far as the insurance is concerned."

A little later he gave to the following questions by his attorney the following answers: "Q. Did Mr. Brien tell you that he would send someone over regarding this fire loss? A. Yes. Q. And did he do so? A. Yes. Q. And who was the gentleman he sent over? A. Mr. Ortner. Q. And did Mr. Ortner talk with you regarding the fire? A. Yes." And further on, the plaintiff's attorney asked him: "Did Mr. Ortner at any time tell you that the company wouldn't pay the claim?" and he answered "Yes". He said that Ortner told him this personally at the Nash agency in Woonsocket, when they met there, by appointment, with regard to this matter, about the second or third week of March 1939.

The above sets forth substantially all the evidence at the trial that is relied on by the plaintiff as proving that the defendant, through a duly authorized agent, had notified the plaintiff that it would not pay his claim. The question now before us is whether from this evidence the jury could reasonably have found not only that in this matter Ortner acted as an adjuster, and not merely as an investigator, for the defendant, but also that as such adjuster he had sufficient actual or implied authority from it to give notice to the plaintiff, in its behalf, that it would not pay his claim.

If the jury had so found, the doctrine of waiver which was stated and applied by this court in *Massell* v. *Protective Fire Ins. Co., supra,* would have applied and a verdict for the plaintiff would not have been inconsistent with a failure by him to file a proof of loss as required by the policy.

The defendant in the instant case seems to rely mainly on *Vasaris* v. *National Liberty Ins. Co.,* 272 Mass. 62; and 280 Mass. 499 (being the same case after a second trial). After reading and considering the two opinions in that case, we do not find that they give any clear or substantial support to the main contention for the defendant in the instant case.

In each of the opinions the court cites *Shapiro* v. *Security Ins. Co.,* 256 Mass. 358, and does not purport to overrule it or to disagree with the rules of law stated therein, only

saying that the two cases are distinguishable on their facts. In the earlier case the court makes the following statements on page 365: "An adjuster with authority to adjust a loss may be found to have authority to waive formal proof of claim. . . . In the absence of evidence of the actual authority of the adjuster, it is to be assumed that he had power to bind the company in the ascertainment of what the damage was, and in adjusting the cost of repairing it. . . . If an adjuster is sent by a general agent to investigate and adjust a loss it is within the apparent scope of his authority to waive proofs of loss, and to agree upon the amount of the loss."

The only other case on which the defendant in the instant case seems strongly to rely, and which seems on first reading to support its main contention, is *Fisk* v. *Liverpool, etc., Ins. Co.*, 198 Mich. 270. On its facts that case is much like the instant one; but it differs materially in one respect. There the only evidence that William Phillips, the man whom the plaintiff in his testimony referred to as the adjuster for the defendant, was really such adjuster was that the plaintiff was told so by a Mrs. Murdaugh, who was the person from whom he had ordered the policy and whom he had paid for it; and that another witness "testified to the fact that the local agent, Mrs. Murdaugh, told him that the adjuster was Mr. William Phillips."

There was no direct evidence that she was the agent of the defendant or, if so, what was the extent of her authority. For all that appears she may only have been authorized to solicit and receive orders for insurance, to transmit them to the company and to deliver the policies, if issued and sent to her by the company. We therefore are of the opinion that that case gives very little, if any, support to the defendant's contention in the instant case.

On the other hand, we have found a number of other cases which clearly appear to favor the plaintiff's contention in the instant case that there was evidence from which the jury could validly find a waiver by the defendant of the

requirement of the policy as to the filing of a proof of loss.

One of these is *Corporation Assurance* v. *Franklin,* 158 Ga. 644. In that case the supreme court of Georgia had been asked by the court of appeals for instructions upon two questions, the determination of which was necessary for a decision of the case. The second question was in substance whether, if property covered by a fire insurance policy has been damaged by fire and the insurer has sent an "adjuster" to "investigate the loss", will a statement by the adjuster to the insured, made before the expiration of the time for filing a proof of loss in accordance with a requirement of the policy, that he had the loss and would be back in a few days and adjust it, amount to a waiver by the insured of compliance with that requirement?

The supreme court answered the question in the affirmative, saying, at page 655: "An adjuster sent to adjust a loss presumably has authority to waive proof of loss." This statement of law was followed by the citation of a large number of cases.

Another case favorable to the plaintiff is *Dwelling House Ins. Co.* v. *Dowdall,* 159 Ill. 179. This was an action brought on a fire insurance policy covering certain rural property. The insured, promptly after the fire, had notice of the loss given to the insurer's general agent in Chicago, who replied a little later: "As soon as possible our special agent, Mr. Ira Smith, will visit the scene of the fire for the purpose of ascertaining the extent of the damage, but for no other purpose", and stated that this agent had no authority to waive any condition of the policy. The plaintiff testified that Ira Smith came to see him not long afterwards, representing himself to be the adjuster, and investigated the matter, took down statements of the loss and made an offer of a compromise.

The supreme court held that the jury, from the above evidence, could properly find, and evidently had found, that the filing of proofs of loss in accordance with a requirement of the policy had been waived by Smith and that he had the

power to bind the defendant company by waiving that requirement.

Another of the cases that in our judgment support the contention of the plaintiff in the instant case is *Roe* v. *Dwelling House Ins. Co.*, 149 Pa. 94. Still another is *McCullough* v. *Home Ins. Co.*, 155 Cal. 659, cited in *Hawkins* v. *Agricultural Ins. Co.*, 58 R. I. 40, at 47, the latter being a case in which we found a waiver, by the conduct of agents of the defendant, of the requirements in an insurance policy, as to proofs of loss, there being more evidence of such waiver in that case than in the instant case.

After considering the matter upon principle and upon precedents, we have reached the conclusion that from the evidence for the plaintiff, which was the only evidence in the case, the jury could reasonably have drawn the following inferences, *viz.*: that Brien had authority from the defendant to arrange to have an investigator and adjuster confer with the plaintiff in its behalf about his claim of loss and had so arranged; that by reason of the exercise of that authority Ortner, as such investigator and adjuster, conferred with the plaintiff about the latter's claim of loss; and that, as its adjuster, Ortner had sufficient actual or implied authority from the defendant to give notice to the plaintiff of its refusal to pay the claim. It is clear that the jury could reasonably have found from the evidence that Ortner had given such notice to the plaintiff.

Therefore, we are of the opinion that the jury could reasonably have applied the doctrine of waiver and have found that the plaintiff was not barred from recovery by reason of the fact that he had not complied with the requirement of the policy as to the filing of proof of loss. As such noncompliance was the only ground on which the trial justice granted the defendant's motion for the direction of a verdict in its favor, we are of the opinion that he erred in granting that motion.

The plaintiff's exception to the granting of the defendant's motion for the direction of a verdict in its favor is sustained,

and the case is remitted to the superior court for a new trial.

*Walter H. Strauss*, for plaintiff.

*Henry M. Boss, Francis W. Conlan*, for defendant.