CORNELL *v.* MICHIGAN BANKERS & MERCHANTS MUTUAL
FIRE INSURANCE CO.

1. Insurance—Fire—Waiver of Provisions—Authority of Agent.
     An insurer under fire insurance policy was not bound under policy containing a provision. that policy was void if interest of insured was other than unconditional and sole ownership when loss occurred unless otherwise provided by written agreement added to the policy, where agent with knowledge that plaintiff had only a partial interest was a mere soliciting agent without authority to make or alter policies or waive provision as to unconditional and sole ownership (3 Comp. Laws 1929, § 12337).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  29 Am. Jur., Insurance, §§ 806–831.
[1, 3]  29 Am. Jur., Insurance, §§ 599, 601–604.
[1, 3]  Waiver or estoppel regarding sole and unconditional ownership clause where both insurer and insured are aware of uncertainty as to titles. 140 A.L.R. 1235.
[1, 3]  Vendee or vendor under executory contract as having exclusive ownership or interest within meaning of policy condition as to unconditional and sole ownership. 60 A.L.R. 11.

2. Same—Assignment—Authority of Agent.

> In the absence of proof of insurance agent's authority or an accepted assignment in compliance with the terms of fire insurance policy, no liability to purchaser of the property was imposed upon the insurer (3 Comp. Laws 1929, § 12337).

3. Same—Fire—Compromise with Vendor—Sole Ownership.

> Under provision of fire insurance policy voiding policy unless otherwise provided by agreement in writing added thereto if the insured's interest is other than unconditional and sole ownership when loss occurs, where insurer effected settlement with insured vendor for $225, the amount of their remaining interest, the purchaser whose interest had not been evidenced to the insurer was not thereby placed in the vendor's stead nor was insurer precluded from raising any defense against purchaser's claim.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 8, 1948. (Docket No. 39, Calendar No. 44,021.) Decided May 18, 1948.

Bill by Vada Allen Cornell against Michigan Bankers & Merchants Mutual Fire Insurance Company, a corporation, and others for reformation of an insurance policy and payment of amount of fire loss. Decree for plaintiff. Defendant Insurance Company appeals. Plaintiff cross-appeals. Reversed and bill dismissed.

*Leo W. Hoffman,* for plaintiff.

*J. Donald Murphy* and *William J. Branstrom,* for defendants Insurance Company and Beckwith.

Bushnell, C. J. Defendant, Michigan Bankers & Merchants Mutual Fire Insurance Company, has appealed from a decree requiring it to reform a certain fire insurance policy and forthwith pay plaintiff Vada Allen Cornell $775, together with interest at 5 per cent. from and after May 3, 1946.

The action arose out of a fire loss on property which plaintiff had purchased from defendants Moores on a land contract on June 3, 1944. This property consisted of a one-and-a-half-story dwelling and a garage, and was sold by the Moores for the sum of $850, payable $100 down, and the balance in instalments of $25 per month. The purchaser was required, by the terms of the land contract, to maintain fire and windstorm insurance on the premises. Some months prior to the sale defendant insurance company issued a fire insurance policy to the Moores on the dwelling in the sum of $1,000, and upon the garage in the sum of $200, the premium for three years having been paid by them in advance. The policy contained the usual provision, reading:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto if the interest of the insured be other than unconditional and sole ownership when loss occurs."

The policy also provided for an assignment of interest by the insured and a consent of the insurer thereto, neither of which was executed. On its face the policy bore the notation: "J. D. Beckwith, Agent, National Bank Bldg., Allegan, Mich. Phone 49."

The land contract transaction was handled by one Frank S. Vahue, of Allegan, who was associated with Beckwith. They were in the habit of splitting commissions on real estate transactions, but any insurance involved was handled solely by Beckwith. He received a part of the real estate commission on the Moore transaction and acted as a witness on the preliminary agreement to sell. At the time of sale there was some conversation about the fire insurance policy between Walter J. Moore and Vahue. Moore testified that he told Vahue that he wanted the policy continued in the amount of $1,200 to pro-

tect himself and Vada Cornell. Moore claimed that Vahue told him that he would speak to Beckwith about changing the policy in order "to protect all the parties against loss by fire."

At various times when Moore was out of town Beckwith collected payments on the land contract. According to plaintiff, on January 3, 1945, when she asked Beckwith about the insurance he replied that she need not worry about it because she was protected as well as Moore. Beckwith testified he did not remember the conversation and, later, on cross-examination said:

"To my recollection, I never discussed the matter of insurance with Vada Allen. I wouldn't say she didn't ask me about it. If she did, I might have told her that the property was insured. Beyond that, I have no recollection.

"So far as telling her that she was protected, I have no recollection of that."

On March 29, 1946, the dwelling house was partially destroyed by fire and Vada Cornell then inquired and ascertained from Beckwith that the insurance policy in question had been issued by defendant insurance company. Christian Senf, secretary of the insurance company, testified to the limited authority of his company's agent, Beckwith, and that the company did not know until after the fire that the property had been sold by the Moores. An adjustment was later made by the company with the Moores in the sum of $225, that being their remaining interest in the property. No relief was originally sought against Beckwith and, upon appeal, plaintiff states that no relief is asked against the defendants Moores. Thus, notwithstanding plaintiff's cross appeal, the only question remaining is with respect to defendant insurance company's liability to plaintiff.

Plaintiff bases her right to recover upon two theories; first, that her conversation with Beckwith resulted in a liability on the part of Beckwith's principal; and second, that defendant insurance company's settlement with the Moores constituted a waiver of its defenses against plaintiff's claim. It is clear from the record that Beckwith was merely a soliciting agent and had no authority to make or alter policies issued by his principal; hence defendant insurance company was not bound by any conversation on the part of Beckwith, nor could he waive the provision of the policy relating to "unconditional and sole ownership." His statement was, at best, a layman's interpretation of the legal effect of the insurance contract. In the absence of proof of Beckwith's authority or an accepted assignment in compliance with the terms of the policy, no liability was imposed upon the insurer. See 3 Comp. Laws 1929, § 12337 (Stat. Ann. § 24.131).

Did plaintiff step into the shoes of the insured and is the insurance company prevented from raising any defense against her claim by reason of its settlement with the Moores?

Such settlement may have been merely the result of an offer to buy peace. Undoubtedly, if the Moores had insisted upon payment, sound judgment might have suggested settlement at the price paid. Settlement with the Moores could not and did not prejudice the plaintiff.

The trial judge based his decision in favor of plaintiff upon the fact that the insurance company had waived the "unconditional and sole ownership" phase of its contract by payment to the Moores, and that since "it cannot blow hot and cold in this case, it cannot waive the condition and then set it up as a defense." The trial judge also stated that it appeared "that the failure by Beckwith to fill out that indorsement on the policy was a mere oversight

on his part, and had he done it, no question would have been raised by the company, and therefore the insurance company is not put in a different position than it would have been had Beckwith sent up the indorsement notice." We cannot agree with this reasoning because, in the absence of Beckwith's authority to bind the company, no liability can be imposed upon it by a casual conversation. *Continental Life Insurance Company of New York* v. *Willets,* 24 Mich. 268; *Gambino* v. *Northern Insurance Company of New York,* 232 Mich. 561, and same on rehearing, 234 Mich. 651; *Serbinoff* v. *Wolverine Mutual Motor Insurance Co.,* 242 Mich. 394; and *Henne* v. *Glens Falls Insurance Co.,* 245 Mich. 378.

The decree ordering reformation of the policy and requiring defendant insurance company to pay $775 forthwith is vacated and one may be entered here dismissing plaintiff's bill of complaint, with costs to defendant insurance company.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.