HENNE *v.* GLENS FALLS INSURANCE CO.

1. INSURANCE—BROKERS—PRINCIPAL AND AGENT—WAIVER.

If a local insurance agency violated the statute (section 6, chap. 3, pt. 2, Act No. 256, Pub. Acts 1917) in acting as insured's broker in procuring the policy, that fact would not render the insurance company liable for the loss of a truck other than the one insured in the policy, where the insurance had not been transferred according to the terms of the policy; nor could the agency waive the provisions of the policy and bind the company, since the company was not its principal.

2. SAME—LOCAL AGENT MAY NOT WAIVE EXPRESS PROVISIONS OF POLICY.

A local agent who is authorized to solicit insurance, sign and issue policies, collect and receipt for premiums, has no authority under the settled law of this State and section 1, chap. 3, pt. 2, Act No. 256, Pub. Acts 1917, to waive the express provisions of the policy.

3. SAME—WAIVER—ESTOPPEL.

Where there is nothing in the record to show that an insurance company in any way held out the local agency as possessing authority to change or modify its policies or to waive any of their provisions, it is not estopped from asserting that its policy issued on a certain motor truck did not insure another truck to which the insurance had not been transferred under the terms of the policy, although insured testified that he notified the agency to transfer it and was later informed that the transfer had been made.

CLARK, McDONALD, and POTTER, JJ., dissenting.

Error to Saginaw; Browne (Clarence M.), J. Submitted October 23, 1928. (Docket No. 89, Calendar No. 33,806.) Decided January 7, 1929. Rehearing denied March 29, 1929.

Assumpsit by Samuel F. Henne, doing business as Henne & Company, against the Glens Falls Insur-

ance Company of Glens Falls, New York, on a policy of insurance. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Pierson & McLaughlin,* for appellant.

*Weadock & Weadock* (*Single & Single* and *H. F. Atkins,* of counsel), for appellee.

FELLOWS, J. The plaintiff is a common carrier of merchandise. He owns several trucks and vans which are used to transport such merchandise on the highways. He desired indemnity insurance which would reimburse him for amounts he might be required to pay shippers for losses occurring in transporting such goods. He did not seek and did not receive a fire insurance policy. He received an indemnity policy, referred to in the record as a ''floater'' and as ''transportation and marine.'' It indemnified him for losses he was required to pay on goods destroyed in transit while being carried on one of his trucks. This policy was issued through· Osborn & Lange, general agents of defendant at Chicago, and was signed by Charles G. Olds, State agent and attorney at Detroit. It was procured for plaintiff by the Schwahn-Khuen agency at Saginaw. Some of the provisions of the policy become important. It was issued to plaintiff:

''On lawful goods and merchandise the property of others for which the assured may be legally liable while in the custody of the assured but only while contained in or on the following specified motor truck or trucks, while in ordinary course of transit.
Trade Name:    G. M. C.
Year built:    1922.
Factory Motor Number:    Motor No. 14965.
Tonnage:    3½.

Limit of insurance: $3,000.00.
Rate: 2 per cent.''

The transfer and assignment of the insurance was only permitted with the written consent of the company, as appears by the following language:

"And it is also agreed that no assignment, or transfer hereof shall, in any case, relieve the insured of the property hereby insured from any or all of the conditions expressed in this policy, and that this policy shall be void in case of its being assigned or transferred without the written consent of this company indorsed thereon."

As to the relation of the broker to the parties, it was agreed:

"It is a condition of this policy that any broker, person, firm or corporation who shall procure this insurance to be taken by this company, shall be deemed to be exclusively the agent of the insured in any and all notices, transactions and representations relating to this insurance or connected with or arising out of the same during its continuance."

Plaintiff claims that after their policy had been issued and delivered to him, he called up the office of the Schwahn-Khuen agency, and being unable to get either partner, requested the girl who answered the 'phone to transfer the insurance from the G. M. C. truck to a Union truck, which she agreed to do, and that afterwards Mr. Schwahn informed him it had been done. The Union truck was the one destroyed with its load. Mr. Schwahn, who was called for cross-examination under the statute, denies this conversation. Upon the subject of the authority of the agency, he testified (and he is the only witness who testified on the subject):

"Q. Well, when a transfer was to be made, how was that done?

"A. We would write in for it.

"*Q.* To the Glens Falls Insurance Company for their consent?

"*A.* Yes, sir.

"*The Court:* It was not the custom to transfer from one truck to another without getting the company's indorsement?

"*A.* No, sir.

"*The Court:* You had no authority to do that yourself?

"*A.* No, sir. We would send it to the general agent at Chicago. Then it would come back to Detroit and the agent there would sign it to make it legal and it would come back to Detroit for the State agent, he is both State agent and attorney to countersign it. I acted as a broker for Henne & Company. And doing that I was acting differently then on the issuing of insurance on a house. In one case I issue the policy to them and in the latter case I am broker for the assured and acting as agent for the assured. And at that time I did everything I could for Mr. Henne to effect the insurance he wanted me to get for him. I acted for him in this matter as his broker.

"*The Court:* Did you have a certificate from the Glens Falls Insurance Company giving you the authority to represent them?

"*A.* Just fire insurance. We had no authority in this kind of insurance.

"*Q.* You were not their agent for this kind of insurance?

"*A.* No, sir.

"*Q.* And the policy provides itself, you are the agent for the assured in this kind of an insurance?

"*A.* Yes, sir."

The certificate of authority issued by defendant to the agency gave the agency and only gave the agency:

* * * "full power and authority to receive proposals for insurance against loss or damage by fire,

lightning and tornado in Saginaw, aforesaid and vicinity to fix and determine rates of premium, to receive and receipt for moneys, to countersign, issue, renew, consent to the transfer change by indorsement in writing and to cancel policies of insurance signed by the president and secretary of said company, subject always to the rules and regulations of said company and to such instructions as may be given from time to time by its officers or authorized representatives. This appointment to continue during the pleasure of said company.''

The Schwahn-Khuen agency had the usual license issued by the insurance commissioner on request of defendant.

My Brother construes section 6, chap. 3, pt. 2, Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100[92]) to inhibit one from acting as insurance broker in Michigan. The section cited does not expressly prohibit the conduct of a brokerage business, and section 13 of the same chapter (§ 9100[99]) expressly authorizes the licensing of brokerage business in unauthorized companies. But whether such construction is the proper construction of this section is unimportant. If the Schwahn-Khuen agency violated the statute when it acted as broker for plaintiff, and I do not desire to be understood as so holding, that fact would not render defendant liable on a contract of insurance it never entered into, upon another truck than the one named in the policy which it actually issued. If the agency acted as broker for plaintiff in procuring the insurance, and the only testimony in the case is to that effect, it is manifest that it could not by its acts bind the defendant company which was not its principal. *Bonewell* v. *Insurance Co.*, 167 Mich. 274 (Ann. Cas. 1913A, 847) ; *Leach* v. *Insurance Co.*, 239 Mich. 10.

Let us lay aside the question of rights of the parties if the agency acted as a broker, and consider the rights of the parties if the agency acted as local agent for the company, and in no way acted for or represented the insured. Let us see what the legal rights are if the agency was agent for the company and not broker for the plaintiff. Let us accept plaintiff's premises and see if his conclusions are right. Plaintiff claims that he requested the girl in the agency's office to transfer the policy from the G. M. C. truck to the Union truck and that Mr. Schwahn afterwards told him this had been done. The policy, which was the contract between the parties, as appears by the provision I have quoted, required that such transfer could not be made without the written consent of the company indorsed on the policy, and provided unless it was so done, the transfer should be void. It is admitted the transfer was not so made. So that unless a local agent, who solicits insurance, writes and issues policies, collects and remits premiums, with the authority usually incident to a local agency, may bind the company by waiving such important provisions of the contract, such transfer in the language of the policy "shall be void." That a local agent, who is authorized to solicit insurance, sign and issue policies, collect and receipt for premiums, has not the authority to waive the express provisions of the policy, has long been the settled holding of this court. *Barry & Finan Lumber Co.* v. *Insurance Co.,* 136 Mich. 42; *Fisk* v. *Insurance Co.,* 198 Mich. 270; *Gambino* v. *Insurance Co.,* 232 Mich. 561, (on rehearing) 234 Mich. 651; *Serbinoff* v. *Insurance Co.,* 242 Mich. 394. If some of the language used in *Coverdill* v. *Insurance Co.,* 243 Mich. 395, is to be construed as going as far as plaintiff's counsel insists, it must be regarded not only as out of accord

with these cases but also to be in conflict with the following language from section 1, chap. 3, pt. 2, Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100[87]):

"A solicitor is hereby defined as any person acting under express authority from an agent, having authority to appoint solicitors, to solicit insurance for such agent, but without the power or authority to issue or countersign policies *or otherwise bind any company of which such agent may be the duly authorized representative.*"

It cannot be claimed on this record that the defendant company in any way held the agency out as possessing authority to change or modify its policies or to waive any of their provisions. Nor is the company estopped from asserting that its policy issued on a G. M. C. truck did not cover a Union truck. In *Ruddock* v. *Insurance Co.*, 209 Mich. 638, 654, in holding that a contract of insurance contrary to the express terms of the policy could not be created by estoppel, it was said:

"To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did make."

The judgment is affirmed.

NORTH, C. J., and FEAD, WIEST, and SHARPE, JJ., concurred with FELLOWS, J.

POTTER, J. *(dissenting)*.   Plaintiff, engaged in operating commercial motor trucks on and over the streets and public highways of the State and elsewhere, obtained, to be issued by defendant, a policy of insurance in the sum of $3,000 covering cargoes while being transported in or on a particular specified truck.   The policy contained a clause that if it was procured from the insurer by any person, firm, or corporation other than the insured, then the person procuring the policy should be deemed the agent of the assured.   The policy was procured by plaintiff through the Schwahn-Khuen insurance agency of Saginaw, Michigan, agents of the defendant insurance company, licensed by the State, at defendant's request, without limitation of authority expressed in the requisition therefor, or the license granted.   The policy specified a G. M. C. three and one-half ton truck, model of 1922, motor No. 14965. This truck broke down while in service and the load was transferred to a Union truck.   The proof is undisputed that the plaintiff notified the employees of the Schwahn-Khuen agency of the facts, and asked for a transfer of the policy to the Union truck. There was evidence that subsequently Mr. Schwahn, of the Schwahn-Khuen agency, told plaintiff the transfer had been taken care of.   A loss of cargo occurred by the burning of the Union truck while on the public highway.   The Schwahn-Khuen agency was notified of the loss and they notified Osborn & Lange, general insurance agents of the defendant at Chicago, who replied the investigation had developed that the loss occurred on a truck not covered by the policy, and consequently the claim was one for which the company was not liable.   Suit was instituted by plaintiff against defendant to recover on the policy.   Defendant pleaded the general issue, and

gave notice that the policy covered the goods only when on a particularly specified truck; that the policy had been varied without the written consent of the insurer indorsed thereon; that the policy provided that if it was procured by any other person, firm, or corporation than the insured, such person so procuring the policy should be deemed the agent of the insured, and that the loss occurred while the goods and merchandise were being transported on another truck than that named and described in the policy.

The fire occurred while the truck was on the highways, and the loss was one which would have been covered by the policy had the goods been transported on the G. M. C. truck. The questions said to be involved are:

The authority of the employees of the Schwahn-Khuen agency to act for it in the transaction of business relating to insurance;

The authority of such agents to bind the defendant company when notified of the necessity of insuring the load upon another truck than that mentioned in the policy when they consent thereto; and

The validity of the clause in the insurance policy in question providing that the persons procuring the insurance other than the insured should be the agents of the insured and not the insurer in the transaction of business in connection therewith.

The policy contained the following provisions:

"It is a condition of this policy that any broker, person, firm or corporation who shall procure this insurance to be taken by this company, shall be deemed to be exclusively the agent of the insured in any and all notices, transactions and representations relating to this insurance or connected with or arising out of the same during its continuance.

"If any broker or person other than the assured have procured this policy or any renewal thereof, or any indorsement thereon he shall be deemed the agent of the assured and not of this company in any transaction relating to this insurance."

The defendant asked the State to license the Schwahn-Khuen agency as its agent. There was no limitation expressed in defendant's requisition for its license to be placed on the authority of the Schwahn-Khuen agency. None was placed thereon by the State. The statute (Comp. Laws Supp. 1922, § 9100 [87]) provides:

"An agent is hereby defined as a person, firm or corporation acting under written authority from any insurance company *to solicit insurance and/or write and countersign policies of insurance and collect premiums therefor.* A solicitor is hereby defined as any person acting under express authority from an agent, * * * but without the power or authority to issue or countersign policies or otherwise bind any company of which such agent may be the duly authorized representative."

Schwahn-Khuen agency had authority to act for defendant. Section 9100 (91) provides:

"Nor shall it be lawful for any insurance company, corporation or association to appoint or employ any general, district, State or special agent or directly or indirectly to authorize any person to transact any insurance business or in any manner to receive the benefit of any business done or services rendered by any such agent or person within this State in any other manner than as herein provided."

The Schwahn-Khuen agency did not act as brokers notwithstanding the testimony of Mr. Schwahn of the Schwahn-Khuen agency, which seeks to shield the defendant from liability by his self-serving dec-

larations by way of testimony. Under section 9100 (92) the Schwahn-Khuen agency is expressly prohibited from doing an insurance brokerage business in the State. Under the statute it may act in procuring insurance for its customers, not as a broker, but as an agent, and then only when such insurance has been refused by companies represented by it, which is not the case here,.and such insurance must be procured in other companies than those represented by the agency seeking to procure it, and then it may be consummated only through a duly authorized licensed resident agent of the company taking the risk.

There is no claim the Schwahn-Khuen agency was acting or pretending to act under this provision of the statute. The defense is that it was acting as a broker. Brokers may be authorized under certain circumstances to write insurance. Section 9100 (99), Comp. Laws Supp. 1922, provides:

"The commissioner of insurance, upon the annual payment of a fee of twenty-five dollars, may issue licenses to residents of this State subject to revocation at any time, permitting the person named therein to procure policies of fire insurance on property in this State in foreign insurance companies not authorized to transact business in this State, but which are duly authorized to do business in other States having insurance commissioners." * * *

There is no claim the Schwahn-Khuen agency or the defendant in any way complied with section 9100 (99). That is, that the Schwahn-Khuen agency paid the fee of $25 or obtained a license from the commissioner of insurance as a broker. It did not procure insurance in a foreign insurance company not authorized to transact business in the State, but it delivered and collected the premium on a policy in

a foreign insurance company authorized to do business in this State, and of which it was the agent. It is not claimed the Schwahn-Khuen agency executed and filed with the commissioner of insurance an affidavit that it was unable to procure, in companies admitted to do business in this State, the amount of insurance necessary to protect plaintiff's property. On the other hand, it was able to procure, in a company admitted to do business in this State, the amount of insurance necessary to protect such property and did procure it. The Schwahn-Khuen agency, had it been licensed as a broker, could not as a broker procure insurance in any company not authorized to do business in this State until it had procured insurance in companies admitted to do business in this State to the full amount which said companies were willing to write on the property. The statute (§ 9100 [99]) provides:

"Before the person named in such license shall procure any such insurance he shall in every case execute and file with the commissioner of insurance an affidavit that he is unable to procure, in companies admitted to do business in this State, the amount of insurance necessary to protect said property, and shall only procure insurance under such license after he has procured insurance in companies admitted to do business in this State to the full amount which said companies are willing to write on said property."

The Schwahn-Khuen agency did deliver the policy in defendant company and collected the premium for it. It could not, and did not, under the law, act as a broker in compliance with the statutes above quoted. The provision in the policy of defendant company, under the facts in this case, is in violation of the express prohibitions of the statute, and void.

Defendant may not defend in reliance upon a statute containing penal provisions which have been violated by it in connection with the transaction under consideration. Defendant's agent, without limitation of authority, is the insurer's agent and not that of the assured. *Ames* v. *Insurance Co.*, 225 Mich. 44; *Maryland Casualty Co.* v. *Moon*, 231 Mich. 56; *Raymond* v. *Insurance Co.*, 236 Mich. 393; *Kausal* v. *Insurance Ass'n*, 31 Minn. 17 (16 N. W. 430, 47 Am. Rep. 776); *Union Insurance Co.* v. *Wilkinson*, 13 Wall. (U. S.) 222.

Under the statute (Comp. Laws Supp. 1922, § 9100 [87]), an insurance agent is authorized to write and countersign policies of insurance and collect premiums therefor. The Schwahn-Khuen agency could consent to a transfer of the policy or to the removal to a new location of the property insured. There was evidence it did consent to a transfer of the policy. The question here involved is no different in principle than that involved in *Pollock* v. *Insurance Co.*, 127 Mich. 460, and *Coverdill* v. *Insurance Co.*, 243 Mich. 395.

Having done business contrary to law; issued the policy in question contrary to law; accepted the plaintiff's money contrary to law; inserted in the policy brokerage provisions contrary to law; it cannot be heard after loss occurred to say its agent, licensed without limitation of authority at its request, was no agent, and that his acts do not bind defendant.

Judgment should be reversed, with costs, and a new trial ordered.

CLARK and McDONALD, JJ., concurred with POTTER, J.