HALL, Judge.
Plaintiff in suit, Mrs. Elizabeth M. Taylor, prosecutes this appeal from a summary judgment dismissing her suit as to The Aetna Casualty & Surety Company.
Plaintiff sued Charles L. Maggard and The Aetna Casualty & Surety Company in solido for damages arising out of an automobile collision which occurred on December 12, 1963, between her car and a 1955 Cadillac two-door sedan owned and 'operated by Charles L. Maggard. She averred that Mr. Maggard and his Cadillac automobile were covered by a certain automobile liability policy issued by Aetna. Aetna answered the suit denying coverage. The co-defendant, Maggard, answered and filed a third party petition against Aetna for damages for refusing to defend the suit against him. Answering the third party action, Aetna again denied coverage.
Thereafter Aetna filed a rule for summary judgment in its favor praying for dismissal of plaintiff’s suit as to it and also for dismissal of third party plaintiff’s demands.
Judgment was rendered on the rule in favor of Aetna and against the plaintiff, Elizabeth M. Taylor, and the third-party plaintiff, Charles L. Maggard, dismissing their petition against The Aetna Casualty & Surety Company at their costs. Plaintiff, Taylor, appealed. Third-party plaintiff, Maggard, did not appeal.
There is no issue as to any material fact insofar as the demands against The Aetna Casualty & Surety Company are concerned. The sole question before the Court is whether the policy in question (being Aetna’s policy No. 39 FA 132977) afforded coverage to Charles L. Maggard and his 1955 Cadillac automobile.
The facts are as follows:
1. On February 15, 1963, Charles L. Maggard purchased the 1955 Cadillac which was involved in the accident. He carried no insurance.
2. On May 28, 1963,' Mrs. Bessie F. Haynes purchased the subject policy from The Aetna Casualty & Surety Company. The policy described a 1957 Ford automobile owned by her.
3. On November 30, 1963, Bessie F. Haynes and Charles L. Maggard were married.
4. On December 12, 1963, the collision occurred between plaintiff Taylor’s car and the 1955 Cadillac owned and driven by Charles L. Maggard.
*43 The Aetna Casualty & Surety Company was made a primary defendant and also a third-party defendant herein apparently on the basis of the Supreme Court’s decision in Indiana Lumbermens Mutual Insurance Company v. Russell, 243 La. 189, 142 So.2d 391. But, as the District Judge pointed out, “the policy here has been changed from the policy involved in that case.” Apparently the family automobile policy was revised to correct what the insurance companies considered as abuses flowing from that decision.
We shall not attempt to set forth the changes in detail. The pertinent provisions of the policy involved in the Indiana Lum-bermens Case are quoted in the report of that case at page 393.
The pertinent provisions of the policy in question here are as follows:
The Aetna Casualty & Surety Company agreed:
“To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages * * arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile * * * ”
“Definitions Under Part 1.
‘named insured’ means the individual named in item 1 of the declarations and also includes his spouse, if a resident of the same household * * *
'owned automobile’ means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,
(b) a trailer owned by the named insured,
(c) a private passenger, farm or utility automobile ownership of which is acqttired by the named insured during the policy period, provided (emphasis supplied)
1) it replaces an owned automobile as defined in (a) above, or
2) the Company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named Insured notifies the Company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the Company applicable to such automobile, or
(d)a temporary substitute automobile; * * *”
The “individual named in item 1 of the declarations” is Mrs. Bessie F. Haynes and the “automobile described in this policy for which a specific premium charge indicates that coverage is afforded” is the 1957 Ford owned by her.
It is conceded by Aetna that under the definition of “named insured” Charles L. Maggard, the spouse of the individual named in item 1 of the declarations would be considered a named insured.
However, the 1955 Cadillac owned by Charles L. Maggard and involved in the accident was not:
(a) a vehicle described in the policy for which a premium charge was made,
(b). a trailer, a temporary substitute automobile, nor a “non-owned automobile” which is defined in the policy as “an automobile * * * not owned by * * * the named insured * * *,” nor was it
(c) a private passenger automobile, ownership of which was acquired by the named insured during the policy period, since it belonged to Charles L. Maggard prior to his marriage with Bessie F. Haynes and prior to the issuance of the policy in question.
It cannot be argued that the Cadillac became the property of Mrs. Haynes upon her marriage to Maggard, and it cannot *44 be argued that this automobile replaced the automobile described in the policy because both Mrs. Haynes and Mr. Maggard continued to own the cars which belonged to them prior to their marriage.
In Gage v. Roy, La.App., 173 So.2d 885, it was held that the directive of the Casualty and Surety Division of the Louisiana Rating Commission referred to on page 394 of the report of the Indiana Limber-mens case has no application to a policy which explicitly covers only the automobile described in the policy.
We arc of the opinion, as was the District Judge, that no coverage was afforded Mr. Maggard and his 1955 Cadillac automobile under the plain language of the policy in question here.
For the foregoing reasons the judgment appealed from is affirmed; plaintiff-appellant to pay the costs of this appeal.
Affirmed.