664 P.2d 686

**GENERAL INSURANCE COMPANY OF AMERICA, a Washington corporation, Plaintiff-Appellee**

v.

**TRULY NOLEN OF AMERICA, INC., a Nevada corporation; Truly Nolen Exterminating, Inc., an Arizona corporation; Joe D. Yancey and Jane Doe Yancey, his wife, Defendants-Appellants.**

No. 1 CA–CIV 5566.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 22, 1983.

Rehearing Denied April 8, 1983.

Review Denied June 14, 1983.

Kunz & Waugh, Ltd. by John A. Shannon, Jr., Phoenix, for plaintiff-appellee.

Mesch, Clark & Rothschild, P.C. by Tom R. Clark, Tucson, for defendants-appellants.

## OPINION

MEYERSON, Judge.

In this appeal we are called upon to decide whether the oral representations of an insurance agent may extend coverage beyond the terms of the written insurance policy where the insured did not receive a copy of the policy prior to the incident giving rise to the claim. The facts are as follows.

## I. FACTS

On or about February 24, 1978, a representative of defendants-appellants Truly Nolen of America, Inc., and Truly Nolen Exterminating, Inc., (hereinafter referred to collectively as Truly Nolen) made a termite inspection of certain commercial property located in Mesa, Arizona. The "wood infestation report" recited that there was no evidence of active infestation of termites or other wood destroying insects and that there was no evidence of previous infestation. The premises were inspected again on April 6, 1978, and the results of that report were identical to the report submitted in February.

The property was subject to an escrow agreement wherein the seller agreed, among other things, to provide a termite inspection report provided by a licensed or bonded pest control company. The reports were provided and after the purchaser (Joe D. Yancey) took possession of the property, he discovered evidence of termite infestation and brought suit against Truly Nolen and the seller seeking damages resulting from the termite problem. Yancey alleged that Truly Nolen negligently prepared the wood infestation reports, failed to disclose that it previously treated the property for infestation, and failed to discover that the premises had been infested with termites.

On February 18, 1978, an insurance agent acting on behalf of plaintiff-appellee General Insurance Company of America (General Insurance) issued an insurance binder to Truly Nolen for a comprehensive general liability policy. According to an affidavit submitted by Mr. Truly Nolen, the agent allegedly represented that the insurance policy would provide coverage for the type of claim which was the subject of the Yancey litigation. The binder, however, provided that it was issued "subject to all the terms and conditions of the policy regularly issued" by General Insurance and, in fact, the policy provided no coverage for Yancey's claim. During the period of coverage, neither the agent nor General Insurance provided Truly Nolen with a copy of the policy.

The present action was filed by General Insurance seeking a declaratory judgment that it had no liability for the claims made against Truly Nolen in the Yancey litigation. General Insurance moved for summary judgment contending that the policy provided no coverage for the claims made against Truly Nolen in the litigation with Yancey. Judgment was subsequently entered in favor of General Insurance finding that it had no obligation to pay any sums which may be due Yancey as a result of the negligent actions of Truly Nolen.

Truly Nolen then brought this appeal contending that the trial judge erred because (1) the representations of the insurance agent "estopped" General Insurance from denying coverage for Yancey's claims; (2) Truly Nolen was not given an adequate time to fully respond to the motion for summary judgment; and (3) in any event, the insurance policy issued to Truly Nolen provided coverage for Yancey's claims. The primary issue on appeal is whether General Insurance may be estopped from denying coverage by virtue of the representations made by the insurance agent to Mr. Truly Nolen. For the reasons hereinafter stated, we hold that estoppel may apply under the circumstances of this case and therefore summary judgment was improper.

## II. ESTOPPEL

Courts disagree on whether coverage under an insurance policy may be extended by oral representations to the insured made by an agent of the insurer. The majority rule is that coverage may not be extended beyond the terms of an insurance policy despite oral representations to the contrary. *E.g. Henne v. Glens Falls Insurance Co.,* 245 Mich. 378, 222 N.W. 731 (Mich.1929) (agent lacked authority to transfer coverage without insurer's written approval); *Employers Fire Insurance Co. v. Speed,* 242 Miss. 341, 133 So.2d 627 (Miss.1961) (agent promised to provide additional coverage but never did); *Sowers v. Iowa Home Mutual Casualty Insurance Co.,* 359 P.2d 488 (Wyo.1961) (there was insufficient evidence of express representation by agent that insured would

be covered under the circumstances of the loss); *see* Annot., 1 A.L.R.3d 1139 (1965).

Other jurisdictions, however, hold that equitable estoppel may be utilized to bar a defense of non-coverage. A leading example of such cases is *Harr v. Allstate Insurance Co.,* 54 N.J. 287, 255 A.2d 208 (1969). Although in *Harr* the insured actually received a copy of the policy, the court found that an average person even "if he could struggle through the fine print and uncommon verbiage," could not reasonably determine from the policy itself that the loss was excluded. *Id.* at 297, 255 A.2d at 214. The agent told Mr. Harr that he was "fully covered" and the court concluded that because of such representation equitable estoppel may operate "to bring within insurance coverage risks or perils which are not provided for in the policy, or which are expressly excluded." *Id.* at 307, 255 A.2d at 219.

> The court reasoned as follows:
> [W]here an insurer or its agent misrepresents, even though innocently, the coverage of an insurance contract, or the exclusions therefrom, to an insured before or at the inception of the contract, and the insured reasonably relies thereupon to his ultimate detriment, the insurer is estopped to deny coverage after a loss on a risk or from a peril actually not covered by the terms of the policy. The proposition is one of elementary and simple justice. By justifiably relying on the insurer's superior knowledge, the insured has been prevented from procuring the desired coverage elsewhere. To reject this approach because a new contract is thereby made for the parties would be an unfortunate triumph of form over substance.

*Id.* at 306–307, 255 A.2d at 219. The primary rationale underlying the majority rule is that it is unfair to impose liability upon the insurer who has received no premium for the risk. The New Jersey Supreme Court's answer was simply that "[a]ny additional premium can be deducted from the amount of the loss." *Id.*

The foregoing rationale has been applied under circumstances similar to the present case. In *Preferred Risk Mutual Insurance Co. v. Thomas,* 372 F.2d 227 (4th Cir.1967), the insurer's agent knew that the insured's automobile would be used to drive others to work on a "shared expense basis" and that information was contained in the application for insurance. Representations were made to the insured that coverage would exist under those circumstances. The policy ultimately issued to the insured excluded coverage for any claim arising out of the use of the vehicle for public conveyance. The court, following South Carolina law, applied the doctrine of estoppel and went on to state:

> It appears that this is a case in which application of the doctrine of estoppel is appropriate. [The insured] had no opportunity to read or examine the policy since it was not delivered until *after* the accident and there is no evidence to show any knowledge on his part that the policy did not provide the coverage for which he had applied and paid. Thus, he was relying upon Preferred's agent (who from past dealings and the pertinent application negotiations knew of the insured's intended use of the truck) to procure a policy which would provide the desired coverage in accordance with the application.

372 F.2d at 230.

■ We find that a rule providing that the insurer may be estopped from denying coverage in a case where the insured does not receive the insurance policy before the loss occurs is not inconsistent with prior Arizona cases. Indeed, Arizona cases, while not expressly adopting the foregoing principle, lend direct support to the rule which we adopt herein. In *Sparks v. Republic National Life Insurance Co.,* 132 Ariz. 529, 647 P.2d 1127 (1982), the supreme court held that a brochure describing the terms of a health insurance policy established the contract rights of the parties despite contrary (but ambiguous) language in the insurance policy. In *Sparks,* the insured never saw the policy until after the accident. Because the court found that the terms of the insurance contract were ambiguous it did not have to reach the issue of estoppel. The

court stated, however, that because the insured "never saw the policy before his accident . . . . we believe that plaintiffs in the present case could successfully assert estoppel against [the insurance company] . . . ." *Id.* at 536 n. 1, 647 P.2d at 1134 n. 1.

In *Ranger Insurance Co. v. Phillips,* 25 Ariz.App. 426, 544 P.2d 250 (1976), the insurance company brought suit to obtain a judicial declaration of the extent of its duties and obligations under a contract of aircraft insurance. One issue on appeal was whether the insurance contract covered a student pilot. The policy issued by the insurance company did not provide liability coverage for flight by a student pilot but the insured contended that he requested the coverage when he ordered the policy and was told it had been provided. Significantly, he never saw the written policy until after the accident. This court upheld the finding of the trial court that there was an oral contract between the parties by which a student pilot was insured. Though not relying upon a theory of estoppel, the court concluded that an oral contract of insurance could exist which might be different from the terms of the written policy of insurance ultimately issued by the insurer.

■ General Insurance contends that the present case is controlled by *Sellers v. Allstate Insurance Co.,* 113 Ariz. 419, 555 P.2d 1113 (1976). In *Sellers,* the insured asserted estoppel against the insurer based upon conversations with a claims representative *after the accident* in which the representa-

tive allegedly said that the insurer would provide coverage. Under these circumstances, the court held that the doctrine of estoppel was "not available to bring within the coverage of an insurance policy risks not covered by its terms." 113 Ariz. at 422, 555 P.2d at 1116. The holding of *Sellers* must be limited to its facts—the representations were made subsequent to the accident. Furthermore, *Sellers* clearly has no application to the present case in light of *Sparks v. Republic National Life Insurance Co.*

■ In summary, we hold that an insured may assert estoppel against an insurer to extend coverage beyond the terms of a written insurance contract where the insured does not receive a copy of the insurance policy prior to the time that the loss occurs.[1] "An insurer which has led its insured to believe that a risk is covered cannot be permitted to use an undelivered contract to prove the contrary." *Sparks v. Republic National Life Insurance Co.,* 132 Ariz. at 546, 647 P.2d at 1144 (Feldman, J., specially concurring).[2]

## III. OTHER ISSUES [3]

■ By virtue of our holding, it is unnecessary to consider Truly Nolen's second issue concerning the alleged error by the trial judge in setting the hearing on General Insurance's motion for summary judgment without giving Truly Nolen an adequate time to respond. Truly Nolen's final argument is that in any event, the comprehen-

---

1. We express no opinion on whether Truly Nolen will succeed in raising estoppel as a defense; we simply conclude on the record before us that Truly Nolen may assert the defense of estoppel.

2. The dissent suggests that our holding will discourage insurance companies from issuing binders, thereby delaying coverage until the written policy can be obtained. The rule we adopt herein, however, will only apply where the insured can prove the elements of estoppel and demonstrate that the written policy varies materially from the oral representations made by the insurer or its agent. So long as the oral representations made to the insured are consistent with the terms of the written policy, the insurer should not be reluctant to issue binders. Furthermore, the dissent's concern would appear to be unfounded in light of *Ranger Insur-*

*ance Co. v. Phillips,* which found an oral contract of insurance prevailed over a contrary written policy not seen by the insured prior to the accident. Insurance companies in Arizona have apparently not been reluctant to issue binders despite the holding in *Phillips.*

3. General Insurance contends that Mr. Truly Nolen's affidavit in response to the motion for summary judgment should be disregarded because (1) it contained inadmissible parol evidence, and (2) it failed to state facts showing that the insurance agent had authority to bind the insurer. First, under the facts of this case, parol testimony is admissible to prove the representation made by the agent to Mr. Truly Nolen. *Ranger Insurance Co. v. Phillips.*

Second, in the trial court, General Insurance moved for summary judgment contending no material facts were disputed. It appears that

sive general liability insurance policy issued by General Insurance provided coverage for the claims raised in the Yancey litigation. The policy issued to Truly Nolen was not an errors and omissions policy but was a comprehensive general liability policy which contained a completed operations exclusion and an exclusion for losses due to the "failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured . . . ." We find the language of the policy and the exclusions unambiguous and conclude that under the policy no coverage was provided for the loss resulting from the alleged negligence of Truly Nolen which was the subject of the Yancey litigation.

Accordingly, the judgment of the trial court is reversed insofar as it precluded Truly Nolen from asserting the defense of estoppel against the claim of General Insurance that it has no liability to provide coverage for any judgment against Truly Nolen in the Yancey litigation.

HAIRE, P.J., concurs.

FROEB, Judge, dissenting:

Insurance coverage may be provided by oral agreement under appropriate circumstances. *Ranger Insurance Co. v. Phillips,* 25 Ariz.App. 426, 544 P.2d 250 (1976). But that is not to say in Arizona coverage is created by "estoppel." *Sellers v. Allstate Insurance Co.,* 113 Ariz. 419, 555 P.2d 1113 (1976). Since appellant has relied on estoppel to create coverage in this case, I would affirm the summary judgment in favor of appellee.

There is also another reason. The binder issued by appellee stated that it was issued subject to "all the terms and conditions of the policy regularly issued by the company." This written binder forecloses, in my opinion, any contention that coverage was extended orally beyond the terms and con-

ditions of the policy "regularly" issued by the appellee.

Under the rule espoused by the majority, insurance companies will seldom be willing to bind coverage immediately (with or without a written binder). The natural consequence of recognizing coverage by "estoppel" is to make immediate coverage hard to obtain and to defer coverage until a written policy can be processed and issued, often a period of several weeks.

---

neither party, nor the trial court, determined that the resolution of the motion for summary judgment turned on whether Truly Nolen offered facts sufficient to prove the existence of an agency relationship. Thus, because the existence of an agency relationship between the agent and General Insurance was not an issue below, we decline to affirm the judgment on this ground.