BERNARD HURTIG and HELEN HURTIG, Husband and Wife, Plaintiffs, *v.* TERMINIX WOOD TREATING & CONTRACTING CO., LTD., a Hawaii corporation, TERMINIX INTERNATIONAL, a Tennessee corporation, RODNEY C. AOKI, Defendants, and TERMINIX WOOD TREATING & CONTRACTING CO., LTD., Third-Party Plaintiff-Appellee, *v.* HAWAIIAN INSURANCE & GUARANTY COMPANY, LIMITED, and UNITED NATIONAL INSURANCE COMPANY, LIMITED, both dba Hawaiian Insurance Companies, Third-Party Defendants-Appellants

APPEAL NO. 9521

(CIVIL NO. 65335)

JULY 12, 1984

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Third-party defendants Hawaiian Insurance & Guaranty Company, Limited (HIG) and United National Insurance Company, Limited (UNIC), (collectively "defendants") appeal the partial summary judgment entered against them in favor of defendant, third-party plaintiff Terminix Wood Treating & Contracting Co., Ltd. (Terminix). We affirm.

The general question is whether Terminix's liability for damages caused by its inadequate performance of its obligation to inspect and treat against subterranean termites is excluded by exclusion "(o)" from the coverage of the Comprehensive General Liability Insurance (CGLI) policy issued by HIG.[1]

The specific question is whether an exclusion of property damage to work performed by or on behalf of Terminix also excludes property damage caused by termites who were able to do the damage they did because Terminix inadequately performed its work.

We answer no to both questions.

On August 19, 1971 Terminix agreed for one year "to inspect and treat against subterranean termites" the improvements at 1142 Waikui Place. Plaintiffs Bernard and Helen Hurtig (Hurtigs) were purchasing that residence from Mr. Waranch. Similar contracts were subsequently entered into annually.

On April 22, 1981 the Hurtigs sued Terminix, alleging that Terminix's inadequate performance failed to stop the termites from damaging their house, diminished their house's value, and caused them emotional and mental distress. The Hurtigs pled five causes of action: 1) breach of contract, 2) negligence, 3) misrepresentation, 4) unfair and deceptive trade practices, and 5) breach of warranties.

Terminix filed a third-party complaint against defendants, alleging that defendants had a duty to defend and extend coverage under the CGLI policy. Defendants' answer admitted that HIG issued the CGLI policy but denied any duty.

On October 22, 1981, defendants moved for summary judgment on the basis of exclusion "(o)." On December 16, 1981 this motion was denied.

On February 16, 1983 Terminix moved for summary judgment as to defendants' duty to defend Terminix against the Hurtigs' complaint and to provide coverage for any judgment obtained by the Hurtigs against Terminix. Defendants' response contended that the damages claimed by the Hurtigs are excluded under exclusion "(o)" of the CGLI policy.

---

[1] Since HIG issued the policy, we do not know on what basis judgment was obtained against UNIC. However, UNIC has not objected on that ground. Moreover, the same attorney represents both HIG and UNIC in this case.

The lower court held that exclusion "(o)" did not negate defendants' duty to defend and extend coverage "for any property damage to the [Hurtigs'] residence caused by termite infestation," and granted summary judgment on that issue in favor of Terminix and against defendants. That partial summary judgment is a final and appealable judgment under Rule 54(b), Hawaii Rules of Civil Procedure.

Citing *General Insurance Company of America v. Truly Nolen of America*, 136 Ariz. 142, 664 P.2d 686 (1983), defendants contend that "the comprehensive general liability policy simply does not cover the insured's liability for failure of its work or products to achieve the desired result." Assuming that is defendants' intent and understanding, they still must write the exclusions of their policies to accomplish that result. That is so because we are committed to enforce Terminix's "objectively reasonable expectations" with respect to the policy. *Sturla, Inc. v. Fireman's Fund Insurance Company*, 67 Haw. 203, 684 P.2d 960 (1984).

The exclusions of the policy in this case are identical with the exclusions of the CGLI policy in *Sturla, Inc. v. Fireman's Fund Insurance Company*. As specified in exclusions "(m)," "(n)," and "(o)," the policy's coverage does not apply:

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or

(2) the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured;

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the named insured's products or work performed by or on behalf of the named insured after such products or work have been put to use by any person or organization other than an insured;

(n) to property damage to the named insured's products arising out of such products or any part of such products;

(o) to property damage to work performed by or on behalf

of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith[.]

Apparently defendants concluded that exclusions "(m)" and "(n)" are not applicable in this case because they based their entire defense on exclusion "(o)" and not on any other exclusions. Thus, cases such as *General Insurance Company of America v. Truly Nolen of America, supra,* which involved other exclusions besides exclusion "(o)" are inapposite. *In re Keamo,* 3 Haw. App. 360, 650 P.2d 1365 (1982).

Defendants contend that in order to avoid the "work performed" exclusion, the insured must show potential liability for damage to property other than that upon which the work was performed. In response, Terminix contends that exclusion "(o)" excludes damages to the work of the insured, but does not exclude damage to other property simply because it arises from the work of the insured. We agree with Terminix.

Exclusion "(o)" expressly excludes only property damage to work performed. It does not exclude property damage to property other than the work performed. In this case the work performed is Terminix's inspection for and treatment against subterranean termites. It is not the Hurtigs' house. Terminix did not build the Hurtigs' house. Terminix's work performed has not suffered "property damage." Terminix is being sued because the inadequacy of its work caused damage to property other than the work it performed. Viewed from the perspective of Terminix's objectively reasonable expectations, liability for that damage is not excluded from the coverage of the CGLI policy by exclusion "(o)."

Affirmed.

*John T. Komeiji (Bert T. Kobayashi, Jr.,* with him on the briefs) for third-party defendants-appellants.

*Richard F. Dvonch* for third-party plaintiff-appellee.