**TWIN CITY FIRE INSURANCE COMPANY, a Minnesota corporation, Plaintiff,**

v.

**Elliot HARVEY, Defendant.**

**No. CIV 86–1635 PHX–CAM.**

United States District Court, D. Arizona.

June 15, 1987.

---

Charles J. Muchmore, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for plaintiff.

John R. Elliott, Law Office of John R. Elliott, Phoenix, Ariz., for defendant.

## ORDER

MUECKE, District Judge.

In its motion for summary judgment Plaintiff, Twin City Fire Insurance Company, a Minnesota corporation, requests declaratory relief from any obligations with respect to an alleged theft or burglary

under a particular homeowner's insurance policy. Plaintiff requests summary judgment on the grounds that the defendant failed to answer certain questions under oath even though the insurer would not explain the materiality or relevancy of the questions.

For the purpose of the motion for summary judgment, the plaintiff concedes that it issued to defendant a homeowner's insurance policy for the period of time within which the alleged theft or burglary from defendant's residence took place. In its motion [1], the plaintiff requests declaratory relief from any obligations under its insurance contract with the defendant because "defendant refused to duly submit to an examination under oath thereby effectively and intentionally concealing material facts relating to the insurance contract." More specifically, the plaintiff asserts that defendant breached his contractual duty to submit to examination under oath by "refusing to answer at least fifteen questions that were material to defendant's claim and Twin City's obligations under defendant's policy." It is undisputed that Section one-Conditions subsection 2(d) of the insurance contract provides in part that in case of loss the party claiming the loss shall "submit to examination under oath." It is also undisputed that Section One and Section Two-Conditions subsection 2 of the insurance contract states that: "We do not provide coverage for any insured who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance."

Plaintiff cites *Warrilow v. Superior Court of Arizona*, 142 Ariz. 250, 689 P.2d 193 (App.1984), as authority for its position that it has a complete defense to defendant's claim of coverage based upon the defendant's failure to answer questions material to the circumstances surrounding plaintiff's liability and the extent thereof. In *Warrilow* the insured sought to recover for allegedly stolen firearms under a particular insurance policy. The court interpreted a clause in that insurance policy

---

**1.** The entire record from the June 12, 1987 oral arguments on plaintiff's motion for summary judgment is incorporated by reference into this Order.

which stated that the insured would submit to examination under oath. The court stated:

> In the context of the requirement that the insured submit to a sworn examination, it appears that the only limitation is that the questions be material to the circumstances surrounding the insurer's liability and the extent thereof. *See generally*, Appleman, 5A Insurance Law and Practice, sec. 3552 (1970) and cases cited therein. Although lack of relevance and materiality were the stated bases for counsel's objections to the unanswered questions posed by the insurer at the time the sworn statement was taken, these grounds were not urged before the trial court in opposition to petitioner's motion for summary judgment, nor before this court, and we therefore deem them to be waived.

*Warrilow*, 689 P.2d at 196. The court concluded that the refusal to answer breached the terms of the insurance contract and barred recovery on the insured's claim.

In contrast to the facts in the *Warrilow* case, the defendant in the present case not only raised relevancy and materiality objections to the plaintiff's questions but also raised the objections in his response to the plaintiff's motion for summary judgment. However, that distinction alone apparently would not have made a difference to the *Warrilow* court. In *Warrilow* the court explained in dicta:

> Even if the objections had been preserved, however, the information sought was clearly material to the insurer's liability, in light of the policy's express exclusion of coverage of property pertaining to the business of a commercial

gun dealer, as well as the policy's requirement that the insured provide satisfactory proof of interest in the property and its loss.

*Id.*

However, a critical distinction between the facts in the *Warrilow* case and the case at bar is that in *Warrilow*, 689 P.2d at 195 fn. 3, the insurance company's lawyer explained the relevancy and materiality of the questions during the questioning, while in the present case the insurance company's lawyer refused to do so.[2] The plaintiff fails to cite any authority for its assertion that: "Arizona law does not require an insurer to explain the relevance of its questions to the insured." In contrast, the defendant cites 13A *Couch on Insurance* (2d ed.) sec. 49A:362, for a contrary position:

> [T]here is authority that an insurer cannot rely on the refusal of the insured to answer a question as to his whereabouts at the time of the fire so as to avoid the policy where the question was not material to the claim unless considered in the light of possible arson and the insured was unaware of the possibility of arson and the insurer had such special knowledge gained by investigation by an expert.

In the present case, the defendant appears to be asserting it was unaware at the deposition that certain questions were material because the insurer failed to reveal its defenses which it later succinctly stated in its motion for summary judgment:

> 1. Had defendant's insurance policy been effectively cancelled by plaintiff? and

**2.** For instance, the defendant's attorney objected on relevancy grounds to a question asking how long the defendant had lived at his California address. After he made the objection, the defendants' attorney stated that if the relevance of the question was explained he would instruct the defendant to answer the question. However, plaintiff's attorney failed to explain the relevancy. Page 7 of plaintiff's examination of defendant under oath. Exhibit B to plaintiff's statement of facts.

In response to a different question, the defendant stated that he was not at liberty to tell the plaintiff where an allegedly stolen IBM com-

puter was recovered from. The defendant's attorney asked about the relevancy of questioning how the property was obtained. The plaintiff's attorney answered that he was interested in what, how, and when the property was recovered. When the defendant asked why that was, the plaintiff's attorney stated: "Mr. Harvey, I'm not here to answer your questions." Page 56 of plaintiff's examination of defendant under oath. Exhibit C to plaintiff's statement of facts. It appears from the record and the oral arguments that the defendant's relevancy objection applied to nearly all the questions that were asked and not answered.

2. Had a loss under the policy in fact occurred?

While the plaintiff argues that even if there was a requirement to explain the relevancy of the questions asked, it should be relieved of this duty because the materiality of the majority of the questions was "patently obvious."

 However, even if the materiality of the questions was patently obvious, the plaintiff fails to state why it could not quickly explain during its questioning of the defendant the "patently obvious" materiality and relevancy of the questions as it did in its motion for summary judgment. Such a requirement is consistent with the policy underlying Local Rule 11(b), a rule which requires that the moving party certify that an attempt was made through personal consultation and sincere efforts to satisfactorily resolve a discovery problem before the discovery motion will be considered by the court. Since the plaintiff failed to explain the materiality and relevancy of the questions asked during the questioning, this Court denies plaintiff's request for declaratory relief from the obligations under the insurance contract based upon the refusal to answer.[3] Since the Court does not rule that defendant breached his contractual duty to submit to examination under oath, the Court also denies plaintiff's request for attorney fees.

 However, the Court rules that the insured shall answer the questions which the Court finds to be material and relevant at a questioning under oath. Since the defendant failed to present arguments in its response that any of the questions asked were immaterial or irrelevant after the plaintiff succinctly explained why the questions were material and relevant in his motion and since the Court finds plaintiff's explanation persuasive, the Court finds that each of the questions asked and not answered is material and relevant.

If new questions are asked at the questioning of the defendant under oath and the defendant objects on the grounds of materiality or relevancy, the insurer may explain the materiality or relevancy of the question to the insurer. If the insured refuses to answer the question after receiving an explanation, the insurer can raise the issue before the Court. The Court could then determine whether the question was material or relevant.

Based upon the foregoing:

IT IS ORDERED that Plaintiff's Motion for Summary Judgment, filed March 20, 1987, is denied.

IT IS FURTHER ORDERED that the Defendant shall answer under oath each of the questions listed at pp. 2–3 of Plaintiff's statement of facts.

---

**3.** In 13A G. Crouch, Cyclopedia of Insurance Law, sec. 49A:362 (2d ed. 1982), the author, citing an Oklahoma decision, states that a party's good faith refusal to answer questions on the grounds of immateriality should not result in forfeiture of the insured's rights following the court's determination that the questions were material. The author states that "the ruling should be that the action cannot be maintained until the insured has answered such questions." In the present case, the court finds that the defendant's refusal to answer was in good faith based upon the plaintiff's failure to explain the relevancy of its questions.