77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIREMAN'S FUND INSURANCE COMPANIES, a California
corporation, Plaintiff-Counterdefendant-Appellee,
v.
John M. KING, Sr., Defendant-Counterclaimant-Appellee.
 No. 94-17078.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1996.*
Decided Feb. 21, 1996.
 
 1
 Before: BOOCHEVER and FERNANDEZ, Circuit Judges, and KELLEHER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 In this diversity action, John King appeals the district court's summary judgment granting Fireman's Fund's request for a declaratory judgment. The district court found that Fireman's Fund had no duty to pay King for items lost in a burglary because King had breached the insurance contract by failing to cooperate. We AFFIRM.
 
 I. Waiver of the cooperation clause
 
 4
 The Fireman's Fund policy contains a cooperation clause requiring the insured to provide records and documents requested by Fireman's Fund and to submit and swear to questions under oath. Such clauses are standard, and in Arizona "the law is well settled that a failure or refusal of the insured to comply with his obligation of cooperation under such a provision will constitute a bar to any recovery against the insurance company." Warrilow v. Superior Court, 689 P.2d 193, 196 (Ariz.Ct.App.1984).
 
 
 5
 On appeal, King argues that Fireman's Fund waived the cooperation clause when a Fireman's Fund adjuster, George Hetzler, told him that Fireman's Fund would pay his claim, and when Fireman's Fund made a partial payment on the loss. King did not argue this defense clearly in his opposition to summary judgment, although he repeatedly refers to Hetzler's representations in his accompanying Statement of Material Facts and Affidavit. The district court found that Fireman's Fund's investigation was "reasonable as a matter of law" despite Hetzler's alleged statements.
 
 
 6
 Waiver is "a voluntary and intentional relinquishment of a known right" and "requires a clear showing of an intent to waive that right." Services Holding Co. v. Transamerica Occidental Life Ins. Co., 883 P.2d 435, 443 (Ariz.Ct.App.1994). The intent can be inferred by conduct. Id. " 'A waiver will not be implied where the insurer did not have full knowledge of all the material facts.' " Manzanita Park, Inc. v. Insurance Co. of N. Am., 857 F.2d 549, 555 (9th Cir.1988) (quoting 16B Appleman, Insurance Law and Practice, § 9086 at 536-39 (1981)).
 
 
 7
 In this case, neither Fireman's Fund nor its adjuster Hetzler had anything near "full knowledge of all the material facts" related to King's claim at the time partial payment was made and Hetzler allegedly admitted liability. We find that summary judgment rejecting any claim of waiver was appropriate.
 
 
 8
 [T]o hold otherwise on these facts would create an untenable situation in which the insurer would be bound by any preliminary assessment of its coverage liability, even were further investigation to reveal that the incident was not within the policy's scope.... [A]n insurer could not give its client a preliminary opinion that its claim was covered without incurring an obligation to cover it. We believe that Arizona would reject such a rule.
 
 
 9
 Manzanita Park, 857 F.2d at 556. This is particularly true where, as here, the insured alleges not only that the insurer waived its right to deny coverage, but also that the company waived its right to require his cooperation in the investigation of the extent of the loss. See also McCollum v. Continental Cas. Co., 728 P.2d 1242, 1245 (Ariz.Ct.App.1986) (waiver and estoppel used interchangeably in insurance law); General Ins. Co. of Am. v. Truly Nolen of Am., Inc., 664 P.2d 686, 689 (Ariz.Ct.App.1983) (representations that insurance company would provide coverage made after the accident not grounds for applying doctrine of estoppel).
 
 
 10
 We note a holding that an insurance company which initially approves a claim and makes a partial payment is thereafter barred from having an insured comply with the cooperation provisions of a policy would certainly lead to an undesirable delay in approving and paying claims before completing a more exhaustive investigation.
 
 
 11
 In his reply brief, King argues that Fireman's Fund waived the cooperation clause because it already had decided to deny his claim. King did not make this argument in the district court. Absent exceptional circumstances, this court will not address an issue not raised in the district court. In re Professional Inv. Properties of Am., Inc., 955 F.2d 623, 625 (9th Cir.), cert. denied, 506 U.S. 818 (1992). We therefore do not address this fact-laden issue.
 
 
 12
 We hold that Fireman's Fund did not waive the cooperation clause.
 
 II. Investigation of King's claim
 
 13
 King next claims there was no "investigation" of his loss. There is no basis for this argument. Fireman's Fund attempted to obtain documents from King, and to examine him under oath, to investigate his claim. His failure to cooperate in the investigation is what caused Fireman's Fund to file the declaratory judgment action.
 
 III. Breach of the cooperation clause
 
 14
 The district court found that King breached the cooperation clause by refusing to answer questions under oath and refusing to submit to a second examination under oath, as well as refusing to provide documents requested by Fireman's Fund. King argues that he did not refuse to answer questions, and that even if he did, he was not required to answer, because Fireman's Fund's counsel did not explain the relevancy and materiality of each question. King does not discuss or explain his failure to provide documents.
 
 
 15
 If an insured objects to questions asked at his examination as immaterial or irrelevant, the insurer should explain how the question is material or relevant. Twin City Fire Ins. Co. v. Harvey, 662 F.Supp. 216, 219 (D.Ariz.1987). If the insured nevertheless refuses to answer, his lack of cooperation may be the basis for granting a request for declaratory relief by the insurer from its obligations under the contract. See id. (denying request for declaratory relief where insurer had not explained relevance of questions, and remanding for requestioning with explanations of materiality or relevance).
 
 
 16
 A review of the portions of King's oral examination does show numerous refusals to answer, and attempts by the insurance company's lawyer to explain why the unanswered questions are relevant. For example, King refused to answer questions about his personal bankruptcy in 1971, and counsel explained that such questions were relevant as establishing the ownership of items claimed as stolen. King also refused to answer questions about his sources of income despite counsel's explanation of the materiality of King's financial state. He refused to answer questions about his fraud conviction, about the nature of the items he claimed were stolen, about who typed the statement of loss submitted to the sheriff, about whether he had even been a defendant in a lawsuit for fraud, about the valuation of his businesses and his finances, and about a prior insurance claim that included some of the same items. In most cases, counsel explained why he was asking the question by describing its relevance or materiality to Fireman's Fund's investigation of King's claim.
 
 
 17
 We hold that King did breach the cooperation clause, because he refused to answer questions even through counsel explained their relevance and materiality. Fireman's Fund was aware that King had changed his report of lost property, which, more than six months after the alleged theft, had mushroomed from missing business records to hundreds of valuable items. The insurance company also knew that King had made three prior theft claims involving similar items. Where the possibility is raised that the insured has committed fraud in order to collect on an insurance policy, "the financial condition of the insured is plausibly at issue." Wood v. Allstate Ins. Co., 21 F.3d 741, 747 (7th Cir.1994).
 
 
 18
 Fireman's Fund's questions were relevant and material to King's claim, and were properly explained as such at the oral examination. King's refusals to answer were thus a breach of the cooperation clause.
 
 IV. Additional discovery
 
 19
 King argues that the district court abused its discretion in denying his motion for additional discovery under Federal Rule of Civil Procedure 56(f). Rule 56(f) states that a court may refuse to grant summary judgment or order a continuance to allow the opposing party to obtain affidavits or conduct discovery, if the opposing party explains by affidavit why he was unable to procure the facts sought by the additional discovery. The district court found that the discovery King sought--regarding Hetzler's initial handling of the claim--was immaterial, in the light of Fireman's Fund's later information that King had previously submitted three similar insurance claims.
 
 
 20
 This court reviews the district court's decision not to permit additional discovery under Rule 56(f) for an abuse of discretion. International Alliance of Theatrical and Stage Employees v. Compact Video Servs., Inc., 50 F.3d 1464, 1466 (9th Cir.), cert. denied, 116 S.Ct. 514 (1995). It was not an abuse of discretion to refuse to delay summary judgment for additional discovery. King did not explain why he could not have conducted discovery earlier, and the information he sought would not change the outcome of his case.
 
 V. Attorney fees
 
 21
 Without any argument or explanation, Fireman's Fund requests attorney fees under Arizona Revised Statutes § 12-341.01, which provides for reasonable attorney fees "in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith." Ariz.Rev.Stat. § 12-341.01(C). Although Fireman's Fund cited the statute in its complaint and mentioned fees in its reply to King's cross-complaint, it did not raise the issue of attorney fees at summary judgment. The district court awarded no fees and did not mention the statute in its order granting summary judgment.
 
 
 22
 We do not award fees. First, Fireman's Fund does not explain why the statute justifies the award of fees on this appeal, which, while somewhat insubstantial, is not harassing, groundless, or in bad faith. The waiver argument at least has some substance. Second, there certainly is no basis for arguing that fees should have been awarded in the district court, as Fireman's Fund did not even raise the issue in its motion for summary judgment and fees were not mentioned in the order. See Trantor v. Fredrikson, 878 P.2d 657, 657 (Ariz.1994) (trial court must make specific findings in awarding fees under § 12-341.01(C); failure to object to absence of findings precludes raising issue on appeal).
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3